James R. **WEBER**, Appellant,

v.

Hugh F. **RIVERS**, etc., et al., Appellees.

John **LEE**, Appellant,

v.

Hugh F. **RIVERS**, D. C. Parole Board et al., Appellees.

Robert **WRIGHT**, Appellant,

v.

The **DISTRICT OF COLUMBIA BOARD OF PAROLE**, Appellee.

Nos. 10358, 10362, 10375.

United States Court of Appeals Fourth Circuit.

Argued March 9, 1966.

Decided April 7, 1967.

Thomas R. Dyson, Jr., Washington, D. C. (Court-assigned counsel), for appellant Weber.

Richard W. Barton, Assistant Corp. Counsel, District of Columbia (Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, District of Columbia, on brief), for appellees in No. 10358.

Charles S. Perry, Alexandria, Va. (Court-assigned counsel) [Boothe, Dudley, Koontz, Blankingship & Stump, Alexandria, Va., on brief], for appellant Lee.

Charles S. Perry, Alexandria, Va. (Court-assigned counsel) [Boothe, Dudley, Koontz, Blankingship & Stump, Alexandria, Va., on brief], for appellant Wright.

John R. Hess, Asst. Corp. Counsel, District of Columbia (Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, District of Columbia, on brief), for appellees in Nos. 10362 and 10375.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

PER CURIAM:

In each of these three cases, a District of Columbia prisoner, confined in Lorton Reformatory in the Northern District of Virginia, filed a proceeding against the District of Columbia Parole Board complaining of its procedures in revoking the parole of the complainant. In each instance, the District Court dismissed the petition on the merits, and an appeal was taken. The Government challenges the jurisdiction of the District Court to determine the cases on the merits, and we conclude that the cases should have been transferred to the District of Columbia Circuit.

■ Lorton Reformatory is a penal institution operated by the District of Columbia. Since it is physically located in the Eastern District of Virginia, the District Court for the Eastern District of Virginia has jurisdiction to entertain habeas corpus proceedings, and personal jurisdiction of the Warden, of course, may be obtained in that District.

■ The members of the District of Columbia Parole Board, however, reside in the District of Columbia, and it is there that they perform their official functions. Jurisdiction may not ordinarily be obtained of that Board in the Eastern District of Virginia.

■ The Courts of the District of Columbia Circuit are called upon with frequency to review the proceedings and actions of the District of Columbia Parole Board. The Courts of the District of Columbia have prescribed certain standards, to which the District of Columbia Parole Board must conform its proceedings. See Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225. If, in a particular case, personal jurisdiction of the members of the District of Columbia Parole Board was obtained in the Eastern District of Virginia, exercise of the jurisdiction would be highly questionable when the District Court, and this Court on appeal, would be confronted with the dilemma of speaking with the voice of the District of Columbia Circuit, or subjecting the District of Columbia Parole Board to the grave possibility of inconsistent and disruptive requirements with respect to the routine conduct of its affairs.

We conclude that each of these cases should have been transferred to the District of Columbia Circuit. Under the circumstances, the orders dismissing the petitions on the merits will be vacated and the cases will be remanded to the District Court for the Eastern District of Virginia, with instruction to transfer them to the United States District Court for the District of Columbia.*

Vacated and remanded.

---

* Judge Bell expressed approval of the result in these cases, though he died before this opinion was prepared.