Dr. Rudolph F. PROCARIO, Dr. Frederic Haberman, Dr. Marvin L. Ebert, and Dr. Martin S. Watsky, Plaintiffs,

v.

Gordon M. AMBACH, Individually and as Commissioner of Education of the New York State Education Department, Theodore M. Black, Willard A. Genrich, Kenneth B. Clark, Harold E. Newcomb, Emlyn I. Griffith, Mary Alice Kendall, Jorge L. Batista, Louis E. Yavner, Laura Bradley Chodos, Martin C. Barell, Joseph R. Bongiorno, M.D., Louise P. Matteoni, J. Edward Meyer, Arlene B. Reed-Delaney, M.D., R. Carlos Carballada, Individually and as members of the Board of Regents of the University of the State of New York, and Thaddeus J. Murawski, M.D., Individually and as the Executive Secretary of the Board for Professional Medical Conduct of the New York State Department of Health, John F. Roach, M.D., Individually and as Executive Secretary of the New York State Board for Medicine, Defendants.

No. 78 Civ. 5226 (GLG).

United States District Court,
S. D. New York.

March 13, 1979.

Frederic A. Johnson, New York City, for plaintiffs.

Robert Abrams, Atty. Gen., New York City by Eileen F. Shapiro, Asst. Atty. Gen., New York City, of counsel, for defendants.

## MEMORANDUM OPINION

GOETTEL, District Judge:

The defendants have moved under 28 U.S.C. § 1406(a) to dismiss or to transfer this action on the ground that venue does not lie in the Southern District of New

York. They have alternatively moved for transfer under 28 U.S.C. § 1404(a).[1]

This is a purported civil rights action, brought under 42 U.S.C. §§ 1981, 1983, by four physicians licensed to practice medicine and surgery as "osteopathic physicians."[2] Named as defendants in this action are all fifteen members of the Board of Regents, the Commissioner of Education and the Executive Secretaries of the New York State Board of Medicine and Department of Health. The plaintiffs claim that the failure of the defendants to confer upon them the degree of Doctor of Medicine, which defendants grant to certain foreign medical school graduates allegedly no more qualified to practice medicine than osteopaths, is a denial of equal protection. The plaintiffs have requested the Court to hold unconstitutional the failure of the Board to award them the degree of M.D., and to order the Board to grant them such degrees.

The plaintiffs assert that venue is proper in this district since the actual residence or place of business of five of these defendants is in the Southern District of New York. Since the defendants live in different districts throughout the state, plaintiffs argue that the action may be brought in any of the districts where a defendant resides, under 28 U.S.C. § 1392(a). The defendants contend that residence for venue purposes means only official residence, not actual residence, and that since all the official business concerning the licensing of physicians is conducted by the Board of Regents in Albany, New York, the official residence of each defendant must be there. Under this view, all defendants "reside" within the same district and venue would lie only in the Northern District of New York, under *id.* § 1391(b).[3]

▋ Plaintiffs initially note that the Department of Education operates a satellite office in New York City from which it conducts unrelated business. From this they contend that even if official residence is to determine venue, operation of this New York City office would make the Southern District of New York the official residence of at least one defendant. There is some authority for the proposition that when a state agency maintains a secondary office in which a significant portion of business is conducted, the agency and its members may have more than one official residence. *Buffalo Teachers Federation v. Helsby*, 426 F.Supp. 828 (S.D.N.Y.1976). Here, however, the Department of Education conducts only a very limited amount of business from its New York City branch office, all of which is unrelated to the licensing of physicians. It is undisputed that all official decisions and business pertinent to this action occur in Albany, New York. The official residence of all the defendants, therefore, must be Albany.

▋ The question remains whether residence of state officials for venue purposes

---

1. Section 1406(a) provides:

   "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

   Section 1404(a) provides:

   "For the convenience of parties and witnesses in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought."

   In light of the subsequent discussion, we find it unnecessary to consider the motion based on 28 U.S.C. § 1404(a).

2. N.Y.Educ.L. § 6522 (McKinney 1971) governs the use of the title "osteopathic physicians."

3. Section 1391(b) provides:

   "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

   Section 1392(a) provides an exception to this rule to enable a plaintiff to sue in the district where any one of several defendants reside (thus avoiding multiple suits). That section states that, "any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts."

   It is worth noting that this action could have been brought in the Northern District of New York pursuant to the second prong of section 1391(b), *i. e.*, where the claim arose, as the decisions of which plaintiffs complain were made in Albany.

means official or actual residence. Faced with this problem in the federal context, courts have reasoned that limiting suits against federal officials to the place of official residence avoids the problems associated with forum shopping and prevents the difficulties of requiring the officials to be available for suits in a multitude of forums. *See, e. g., Hartke v. Federal Aviation Administration*, 369 F.Supp. 741 (E.D.N.Y. 1973), *Cole v. Trustees of Columbia University*, 300 F.Supp. 1026 (S.D.N.Y.1969).

The law is less clear with respect to state officials, with many of the decisions not directly addressing the question of official versus personal residence. *See, e. g., Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976), *Weil v. New York State Department of Transportation*, 400 F.Supp. 1364 (S.D.N.Y. 1975). In *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972), *cert. denied*, 411 U.S. 964, 93 S.Ct. 2142, 36 L.Ed.2d 685 (1973), however, the court relied on Professor Moore's view [4] and held that an action against the justices of the Ohio Supreme Court must be brought in the district of official residence.

The Court finds no persuasive arguments for treating state officials differently from their federal counterparts. Residence of state officials for the purpose of venue should be deemed to be official residence. Since the official residence of all these defendants is Albany, venue under 28 U.S.C. § 1391(b) lies only in the Northern District of New York.

Plaintiffs argue that to compel suit at the place of official residence might result in unfairness, in that all civil rights actions will be diverted to hostile state capitals. This argument overlooks the fact that under 28 U.S.C. § 1391(b), a suit may be instituted where the claim arose.

Moreover, the individually named members of the Board of Regents are not even necessary parties to this law suit and need not be considered for venue purposes. *Cf.*

*McCoy v. Louisiana State Board of Education*, 345 F.2d 720 (5th Cir. 1965); *Vanko v. Finley*, 440 F.Supp. 656 (N.D.Ohio 1977). Under the terms of N.Y.Educ.L. § 6522 (McKinney, 1971), the Board of Regents is empowered to promulgate policy and rules governing the licensing of physicians in New York. In order to carry out this function, members of the Board convene at prescribed times in the State Education Building in Albany. While plaintiff has sued the members of the Board individually in their official capacities, the allegedly discriminatory inaction complained of are decisions made by this collective body, *see Vanko v. Finley, supra*, and not the result of any action by an individual. Therefore, the relief sought can only be implemented by the Board acting as a unit. Accordingly, the individual defendants are not absolutely necessary to the litigation.

Since the Court finds venue to be improper in this district, the defendants' motion under 28 U.S.C. § 1406(a) is granted and this action is transferred to the Northern District of New York.

---

4. *See* 1 Moore's Federal Practice, ¶ 0.142[5.1–2] (2d ed. 1978).

"Where a public official is a party to an action in his official capacity he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties."