**Diosdado Rosendo VALDES, Plaintiff,**

v.

**D. Lynn GORDON, et al., Defendants.**

**Civil Action No. 96–01368 (CRR).**

United States District Court,
District of Columbia.

Dec. 19, 1996.

Diosdado Rosendo Valdes, pro se.

Rudolph Contreras, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, appeared on the briefs, for Defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The plaintiff in this suit, Diosdado Valdes, brings this action against various employees of the United States Customs Service ("Cus-

toms") alleging that the defendants illegally seized his property and purposely prolonged and withheld from disclosing information requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Before the Court is the defendants' Motion to Dismiss and the plaintiff's Opposition thereto. Upon consideration thereof, the entire record herein, and for the reasons set forth below, the Court shall grant the defendants' Motion to Dismiss.

## BACKGROUND

The plaintiff in this case is a federal inmate currently incarcerated at the Federal Correctional Institution at Miami, Florida. Plaintiff was convicted of importation, possession and conspiracy charges concerning the illegal importation of approximately 5,800 pounds of marijuana into the United States from Jamaica. For such convictions, he is serving a 19 year prison sentence. The plaintiff's claims arise from two series of events. The first was the seizure and forfeiture of the plaintiff's personal property in 1992 and 1993. The second set of events involves the plaintiff's FOIA request to Customs in 1995.

## I. Seizure and Forfeiture of the Plaintiff's Personal Property.

For purposes of ruling on the defendants' Motion to Dismiss, it is not necessary to set forth the lengthy series of events involving the seizure and forfeiture of the plaintiff's property arising from the investigation involving the plaintiff's criminal conduct. Central to the plaintiff's claims, however, is the fact that the defendant was moved from a federal prison facility in Pensacola, Florida to another federal facility in Kentucky around the time that Customs was instituting forfeiture proceedings on the plaintiff's property. A number of letters were sent to the plaintiff's address at the Pensacola facility after he had been moved to the Kentucky facility, informing him as to various deadlines and proceedings involving the forfeiture. The plaintiff alleges that certain defendants purposely avoided notifying him of the forfeiture of his property by sending the requisite notice to the older address. In addition, he

claims that he was purposely moved around the federal penal system to prevent him from challenging the forfeiture. The defendants claim, without dispute from the plaintiff, that Customs sent all letters to the most recent address given by the plaintiff and many of the letters to the plaintiff's attorney as well. In the end, two automobiles and electronic equipment owned by the plaintiff and his wife were forfeited to the United States.

## II. The Plaintiff's FOIA Request to Customs.

On February 9, 1995, the plaintiff sent a FOIA/Privacy Act request to Customs. In it, the plaintiff requested all general records, memoranda, logs and/or computer print-outs of the agency pertaining to himself. On March 6, 1995, the agency sent the plaintiff a letter acknowledging receipt of his request and requesting that the plaintiff provide a statement affirming his identity. The plaintiff provided such statement on or about March 9, 1995.

After nearly a year, the plaintiff wrote a letter to Customs on February 1, 1996, reminding it that he had not received a response to his request. The plaintiff stated that he would bring an action in court if he did not receive a response in thirty days. On March 14, 1996, Customs informed the plaintiff that responsive records were being reviewed and that he would be receiving a response by mid-April of 1996.

The Special Agent in Charge for the South Florida Area and the Service Port Director in Miami both responded to the FOIA request on April 22, 1996 in separate letters. Both letters informed the plaintiff that the records he sought were exempt from the provisions of the Privacy Act. Documents responsive to his FOIA request were sent with certain redactions based on various exemptions to the FOIA.

On May 3, 1996, the Tampa office of Customs responded directly to the plaintiff, informing the plaintiff that the documents sought were exempt from the provisions of

the Privacy Act, and that it was their understanding that much of the information relating to the plaintiff's charges and investigations from that office had already been made available to the plaintiff and his attorney during pre-trial discovery conferences in his criminal case. Accordingly, the plaintiff was advised that he would not receive documents that he had already been given. The plaintiff was further advised that other responsive documents were being withheld pursuant to various exemptions to FOIA.

On June 16, 1996, the plaintiff brought this damage action against several employees of Customs, claiming that they illegally seized his personal property, including two automobiles and electronic equipment. In addition, the plaintiff brought damage claims arising from the purposeful prolongation of the FOIA process and wrongful withholding of materials responsive to the plaintiff's 1995 FOIA request.

## DISCUSSION

### I. The Plaintiff Is Suing the Defendants in Their Individual Capacities.

It is unclear from the plaintiff's Complaint whether he asserts claims against the defendants in their individual or official capacities, or both. In his Opposition to the defendants' Motion to Dismiss, however, the plaintiff unequivocally states that Gloria McCall is being sued in her "respective capacity (official and/or individual in nature) pending full discovery," but that all other defendants "presently mentioned" are being sued in their individual capacities "because of their deliberate indifference in subject matters." Plaintiff's Partial Oppositions to Defendants' Motion to Dismiss at 46.

█ Gloria McCall, however, is not a defendant in this action as she has not been listed as such on any complaint nor has she been served with a complaint.[1] Accordingly, the Court shall treat this action as one

---

1. Although the plaintiff listed "Any and/or All Other Jane/John Does," as defendants in his Complaint, he is not entitled to add parties by presenting new allegations against them in subsequent pleadings. The Complaint must be amended and the new defendants served therewith.

against the five named defendants in their individual capacities.[2]

## II. All Claims Against the Defendants In Their Individual Capacity Should Be Dismissed Because the Court Lacks Personal Jurisdiction Over Them.

### A. Service of a Summons Will Establish Personal Jurisdiction in this Court Over Those Defendants Who Could be Subjected to the Jurisdiction of a Court of General Jurisdiction in the District of Columbia.

Service of a summons is effective to establish personal jurisdiction over a defendant:

(A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or

(B) who is a party joined under Rule 14 or Rule 19 and is served at a place within a judicial district of the United States and not more than 100 miles from the place from which the summons issued, or

(C) who is subject to the federal interpleader jurisdiction under 28 U.S.C. § 1335, or

(D) when authorized by statute of the United States.

F.R.Civ.P. 4(k). The defendants—all of whom currently reside and work in the state of Florida—are not potential parties to be joined under Rule 14 or 19; this action does not involve federal interpleader jurisdiction; and the plaintiff has not alleged the existence of any other federal statute authorizing service of summons over these non-resident defendants. Thus, the plaintiff must establish that, pursuant to subsection (A) of Rule 4(k), the service of summons confers upon this Court personal jurisdiction over the defendants because the defendants "could be subjected to the jurisdiction of a court of general jurisdiction" in the District of Columbia.

In order to determine whether the defendants are subject to the jurisdiction of the Superior Court of the District of Columbia, the Court must look to District of Columbia law. The District of Columbia Code, Chapter 4, Subchapter II—Civil Jurisdiction and Service Outside the District of Columbia; Bases of Personal Jurisdiction over Persons Outside the District of Columbia—provides two methods by which a District of Columbia court may exercise personal jurisdiction over persons outside the District of Columbia: (1) personal jurisdiction based upon an enduring relationship, D.C.Code Ann. § 13–422; and (2) personal jurisdiction based upon conduct, D.C.Code Ann. § 13–423.

### B. The Defendants Cannot Be Subjected to the Jurisdiction of a Court of General Jurisdiction in the District of Columbia Because They Have No Enduring Relationship with the District Nor Did Their Allegedly Tortious Conduct Have a Nexus With the District.

Section 13–422 states that

[a] District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief.

D.C.Code Ann. § 13–422 (1981 & Supp.1996). Defendants Gordon, Cumby, Edwards, and Moster are employed by Customs in Miami, Florida and are not residents of the District of Columbia. Accordingly, the Superior Court of D.C. could not obtain jurisdiction over those defendants pursuant to § 13–422.

In his opposition, the plaintiff alleges that Defendant Ramirez was employed in Washington, D.C. on April 12, 1995—when the alleged wrongful conduct regarding his FOIA request occurred. Defendant Ramirez, however, is presently employed and resides in

---

2. The plaintiff failed to list the defendants in the caption of his Complaint as required under Rule 10 of the Federal Rules of Civil Procedure. However, in the portion of the Complaint entitled "Relief Sought," and in his Affidavit and Notice of Intent, the plaintiff has listed five defendants from whom he allegedly is entitled damages: D. Lynn Gordon, P.D. Cumby, Mark F. Edwards, James M. Moster, and Armando F. Ramirez. Construing the Complaint liberally, the Court concludes that the phrase "Named Individual Employees of United States Customs Service" placed in the caption of the Complaint refers to these five defendants.

the state of Florida. *See* Declaration of Armando F. Ramirez at ¶ 3. Therefore, the Superior Court would not have jurisdiction over Defendant Ramirez pursuant to § 13–422 because he does not currently reside nor is currently employed in the District of Columbia.

Section 13–423 provides that

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

 (1) transacting any business in the District of Columbia;

 (2) contracting to supply services in the District of Columbia;

 (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

 (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

 (5) having an interest in, using, or possessing real property in the District of Columbia;

 (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or

 (7) marital or parent or child relationship in the District of Columbia if:

 . . .

 * * * * * *

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C.Code Ann. § 13–423 (1981 & Supp.1996).

The only defendant alleged to have resided or was employed in the District of Columbia is Defendant Ramirez. The plaintiff, however, has asserted no allegations in his Complaint suggesting that his claims arise from business conducted by Mr. Ramirez in the District of Columbia or tortious conduct engaged in by Mr. Ramirez while he worked in the District of Columbia. There are vague and conclusory allegations that the plaintiff sent a FOIA request and a change of address form to the division of Customs in which Mr. Ramirez once worked, but there are no other specific allegations that Mr. Ramirez engaged in any wrongful conduct while employed in the District of Columbia. Mr. Ramirez asserts in his Declaration that he had no involvement with the plaintiff when he worked in the District, *see* Declaration of Armando F. Ramirez at ¶ 3, and the plaintiff has raised no factual allegations that contradict this assertion.

Because the defendants cannot be subjected to the jurisdiction of the Superior Court of the District of Columbia for the claims herein, service of summons upon the defendants will not establish personal jurisdiction over the defendants in this Court.[3] *See* F.R.Civ.P. 4(k). Because this Court has no personal jurisdiction over the defendants, the case must be dismissed.

### III. This Case Should Also Be Dismissed Because Venue Is Improper.

 Because none of the defendants reside or are employed in the District of Columbia, venue is also improper. When federal officials are sued in their individual capacities, the venue provisions which apply in a case against the government itself do not control. In *Stafford v. Briggs*, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980), the

---

**3.** In his Opposition, the plaintiff raises claims against Ms. Gloria McCall, who allegedly is employed in the District of Columbia, as well as several other Customs employees, who appear to reside and are employed in the state of Florida. Of these persons newly named in the plaintiff's Opposition, only Gloria McCall could fall within the personal jurisdiction of the District of Columbia Superior Court. As noted above, Ms. McCall is not a defendant in this case. Consequently, neither § 13–422 nor § 13–423 can be a basis for personal jurisdiction over her or the other nondefendants mentioned in the plaintiff's Opposition.

Supreme Court held that a suit properly brought against federal officials in their official capacities, for which venue would lie under 28 U.S.C. § 1391(e), would not provide a basis for venue against such officials in their individual capacities. Rather, one must look to 28 U.S.C. § 1391(b) which provides that:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

All the defendants reside in Florida. Therefore, venue cannot lie in this district under subsection (1) of § 1391(b). Furthermore, a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in Florida and not in the District of Columbia. Accordingly, venue cannot lie in this district over the plaintiff's claims.

## CONCLUSION

For the foregoing reasons, the Court concludes that it lacks personal jurisdiction over the defendants in this case and that venue is improper. Accordingly, the above-captioned action shall be dismissed. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.