

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-2-1999

# White v ABCO Eng.Corp

Precedential or Non-Precedential:

Docket 98-6206, 98-6207

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation
"White v ABCO Eng.Corp" (1999). *1999 Decisions.* Paper 317.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/317

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 2, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 98-6206 and 98-6207

KENNETH WHITE

v.

ABCO ENGINEERING CORP.,
Defendant/Third-Party Plaintiff

v.

H.H.S. RECYCLING, INC.; HAMM'S SANITATION, INC.;
Third-Party Defendants

Kenneth E. White, Appellant in No. 98-6206
Hamm's Sanitation, Inc., Appellant in No. 98-6207

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 98-cv-00622)
District Judge: Honorable Alfred J. Lechner, Jr.

Submitted Under Third Circuit LAR 34.1(a)
September 28, 1999

Before: BECKER, Chief Judge, McKEE, and
NOONAN,* Circuit Judges

(Filed December 2, 1999)

_____

* Honorable John T. Noonan Jr., United States Circuit Judge for the
Ninth Circuit, sitting by designation.

BRUCE L. SAFRO, ESQUIRE
Suite 14
One University Plaza
Hackensack, NJ 07601

JOHN S. SELINGER, ESQUIRE
Levinson, Zeccola, Reineke, Ornstein
 & Selinger, P.C.
11 Abrams Road
P.O. Box 244
Central Valley, NY 10917

Counsel for Plaintiff-Appellant
Kenneth E. White

THOMAS R. NEWMAN, ESQUIRE
Luce, Forward, Hamilton & Scripps
153 East 53rd Street, 26th Floor
New York, NY 10022

Counsel for Third-Party Defendant-
Appellant Hamm's Sanitation, Inc.

PHILLIP A. TUMBARELLO, ESQUIRE
LORETTA MENKES, ESQUIRE
Wilson, Elser, Moskowitz, Edelman
 & Dicker
150 East 42nd Street
New York, NY 10017

KEITH G. VON GLAHN, ESQUIRE
Wilson, Elser, Moskowitz, Edelman
 & Dicker
Two Gateway Center, 12th Floor
Newark, NJ 07102

Counsel for Defendant-Appellee
ABCO Engineering Corp.

OPINION OF THE COURT

BECKER, Chief Judge.

This is an appeal from an order of the United States District Court for the Southern District of New York

granting summary judgment for the defendant ABCO Engineering Corporation and against the plaintiff Kenneth E. White in a products liability personal injury case founded on diversity jurisdiction. Our opening sentence, describing an appeal to the United States Court of Appeals for the Third Circuit from the United States District Court for the Southern District of New York (in the Second Circuit) should raise eyebrows, and compels immediate inquiry into how such review could take place. The legitimacy of the review depends on whether White's claims against ABCO were properly transferred to the Third Circuit. Resolution of this question turns on one legal question of first impression and one factual question: (1) whether a S 1404(a) inter-district transfer may validly be made by stipulation (in the absence of a judicial balancing exercise), and (2) whether the transferring judge in this case made a de facto severance of the White/ABCO claims, purposely attempting to transfer only the White claims against a third party, Hamm's Sanitation.

We conclude that S 1404(a) transfers may not be made simply by stipulation, and insofar as the record reveals, the transferring judge did not engage in the requisite independent balancing of S 1404(a) factors. Alternatively, even if there had been a valid transfer, the transferring judge effectively severed the claims against ABCO, leaving them in the Second Circuit. We will therefore transfer the appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. S 1631.

I.

After White was injured working on a conveyor belt, he brought suit in the Southern District of New York against ABCO, the manufacturer of the conveyor belt, alleging defective design and negligence for failure to provide adequate safety guards. He later amended his complaint to state a direct claim against Hamm's Sanitation, the solid waste collector which had fabricated the side barrier guards for the ABCO conveyor at issue, alleging negligence in the installation, alteration, repair, and control of the conveyor.[1]

_____

1. ABCO had previously joined Hamm's Sanitation as a Third-Party Defendant.

3

White also filed a separate suit against Hamm's Sanitation in the District Court for the District of New Jersey, making the same claim.

In September 1997, the Southern District of New York case was transferred by United States District Judge Barrington Parker to Magistrate Judge Mark D. Fox for all purposes permitted by 28 U.S.C. S 636(b)(1) of the Federal Magistrates Act.2 In November Judge Parker granted ABCO's motion for summary judgment. In December all parties agreed to proceed before Magistrate Judge Fox pursuant to 28 U.S.C. S 636(c)(1), which provides that upon consent of the parties, a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. S 636(c)(1).

On January 9, 1998, White and Hamm's Sanitation stipulated that White's direct actions against Hamm's Sanitation would be transferred to the District Court for the District of New Jersey where, as noted above, a case was already pending between the parties. The stipulation, which was signed by Magistrate Judge Fox and the lawyers for both White and Hamm's Sanitation, clearly indicated that the parties intended to transfer only the White claims against Hamm's Sanitation.3 Presumably ABCO's counsel received notice of the transfer from the Clerk, but she

_____

2. A judge may unilaterally assign a magistrate judge to determine most pretrial matters, excepting, among other things, "a motion for injunctive relief, for judgment on the pleadings, for summary judgment . . . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C.S 636(b)(1).

3. The stipulation provided: "It is hereby stipulated and agreed as and between Plaintiff, Kenneth White and Defendant, Hamm's Sanitation, Inc. that Plaintiff's direct actions against Hamm's Sanitation, Inc. stemming from the above shall be transferred for prosecution in the United States District Court, District of New Jersey." The stipulation, whose caption included the names of all the parties, was signed "so ordered" by Magistrate Judge Fox on January 8, 1998. Since several other facts compel our conclusion that we do not have jurisdiction in this case, we need not reach the question whether S 636(c)(1) or S 636(b)(1)(A) confer upon a Magistrate Judge the power to transfer a case to another district court.

4

neither objected to nor signed the stipulation. Magistrate Judge Fox notified Judge Parker that the case against Hamm's Sanitation had been transferred. On January 26, 1998, Judge Parker amended his earlier opinion, but again granted summary judgment for ABCO.

II.

A.

The authority for the transfer to the District of New Jersey is not recited in the order. The most obvious source is 28 U.S.C. S 1404(a) which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."4 This section makes no mention of transfer by stipulation, in contrast to the succeeding section which allows for transfer by "motion, consent or stipulation of all parties," but only for (intra-court) inter-division, not inter-district transfer. See 28 U.S.C. S 1404(b). The implication of the juxtaposition of these rules is that inter-district transfer by stipulation is inappropriate. See In re Orthopedic Bone Screw Prods. Liab. Litig., 1995 U.S. Dist. LEXIS 10138 n.6 (E.D. Pa. 1995) ("It should be recalled that the parties, with court approval, can only stipulate to transfer a civil action to another division within a district, but not to another district."). This conclusion is supported by the history and policies undergirding S 1404(a).

By its terms, S 1404(a) requires that a court make a case specific determination that such a transfer is proper. See

_____

4. A transfer is typically deemed to be complete when the files of a case are lodged in the transferee court. See 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2dS 3846 (2d Ed. 1986). When the papers are sent, "the transferor court--and the appellate court that has jurisdiction over it--lose all jurisdiction over the case and may not proceed further with regard to it." Id.  According to the docket sheet,
the files were all sent to New Jersey after the stipulated transfer. The New Jersey file, which we have examined, contains the Southern District of New York papers. Be that as it may, shifting papers cannot validate an otherwise invalid transfer, or extend the scope of a limited transfer.

Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988). "The idea behind S 1404(a) is that where a `civil action' to vindicate a wrong--however brought in a court--presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." Continental Grain Co. v. Barge FBL-585, 364 U.S. 19 (1960) (emphasis added). In Stewart Organization, the Court concluded that a forum selection clause in a contract was relevant, but not binding, in a S 1404(a) determination. "The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of `the interest of justice.' " Id. at 29. The Court stated that "[a] motion to transfer underS 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." Id.

No such requirement attends a S 1404(b) transfer, which is much less cumbersome than its inter-district counterpart. A case that is the subject of an intra-district (S 1404(b)) transfer can be handled by the same lawyer(s) and will be governed by the same rules and procedures. A case that is the subject of a S 1404(a) transfer is unloaded onto an entirely new system. The former is like moving a card table within a house from the living room to the kitchen; the latter is like collecting all the chips and going to the neighbor's house to play. The house rules, as any gamesperson knows, are usually different. For these reasons, the stipulated transfer of any of White's claims is highly problematic. There is no indication in the record that Magistrate Judge Fox engaged in the "flexible and multifaceted analysis that Congress intended to govern motions to transfer within the federal system." Stewart Organization, 487 U.S. at 31.5

We acknowledge that we have, in dicta, stated that written findings of fact and law need not always accompany

_____

5. Had Magistrate Judge Fox engaged in such an evaluation, perhaps he might have decided that a S 1404(a) transfer was appropriate. We can only speculate.

6

a transfer order. See Plum Tree, Inc. v. Stockment, 488 F.2d 754 (3d Cir. 1973). While scolding the district court for failing to do so in a difficult case, the Plum Tree panel noted that "we have not imposed a requirement that district courts make findings of fact and conclusions of law with respect to the three factors stated in 28 U.S.C.S 1404(a) on each transfer motion." Id. at 756. The Supreme Court's Stewart Organization decision focused on the requirement of considering multiple factors, not the requirement of stating them, so Plum Tree's dicta is undisturbed.

We do not need to decide whether a court must always state the reasons for every S 1404(a) transfer. We do note, however, that in the absence of anything but a scrawled "so ordered" under a stipulation to transfer, there is every indication that the court relied on the stipulation alone in its decision to transfer and failed to engage in the requisite balancing. Accordingly, we conclude that the transfer was invalid, and none of White's claims against ABCO, or anyone else, were transferred out of the Second Circuit.

B.

Even had Magistrate Judge Fox engaged in the requisite balancing before transferring the case, however, we would still not have jurisdiction to hear this appeal for several reasons. First, even appropriate stipulated transfers require the consent of all affected parties. See S 1404(b); 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d S 3844 (2d Ed. 1986). In this case, it does not appear that ABCO stipulated or otherwise consented to having its dispute with White transferred to New Jersey. Although S 1404(a) contemplates transfer without the consent of all the parties, for transfer to be effective all relevant parties must be apprised that the court is considering a transfer and have the opportunity to voice opposition. See id. There is no evidence that ABCO was given an opportunity to oppose the transfer in this case, or that it was informed that its rights might be affected by it.

A better interpretation of Magistrate Judge Fox's order is that the transfer was preceded by a severance. Nothing within S 1404 prohibits a court from severing claims

7

against some defendants from those against others and transferring the severed claims. See id.S 3845 & nn.27-29. Before effecting such a severance, a judge should weigh the convenience to the parties requesting transfer against the potential inefficiency of litigating the same facts in two separate forums. See Sunbelt Corp. v. Nobel, Denton & Associates, Inc., 5 F.3d 28, 33 (3d Cir. 1991) (stating that a court " `should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places' ") (quoting Liaw Su Teng v. Skaarup Shipping Corp., 743 F.2d 1140, 1148 (5th Cir. 1984)). In this case, however, although the underlying facts are intertwined, Magistrate Judge Fox could have properly concluded that the interests of judicial economy dictated such a severance and transfer.

Rule 21 allows that "[a]ny claim against a party may be severed and proceeded with separately." F.R.C.P. Rule 21(b). Although Magistrate Judge Fox never made a formal Rule 21 severance, all involved parties treated the case as if it had been so severed, with White and Hamm's Sanitation transferred to New Jersey, while White's claims against ABCO remained in New York for purposes of appeal.6

_____

6. In Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509 (10th Cir. 1991), the court concluded that a S 1404(a) transfer effectively transferred all parties and claims in the case. Chrysler dealt with a case which had been explicitly bifurcated pursuant to a Rule 42(b) motion, which allows for the separate trials of claims within an action "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition or economy." F.R.C.P. 42(b). The court was careful to distinguish this situation from one in which claims had been severed pursuant to Rule 21. A separation pursuant to Rule 42(b) separates elements of the complaint for trial, but all the aspects "remain[ ] part of one single action which would result in a single judgment." Id. at 1519. On the other hand, if claims are severed pursuant to Rule 21 they "become independent actions with separate judgments entered in each." Id. Nothing on the face of Rule 21 indicates that it must be explicitly invoked in order to have effect. There must be, however, a strong indication that the judge intended to effect a severance. See Allied Elevator v. East Texas State Bank of Buna, 965 F.2d 34, 36 (5th Cir. 1992). Magistrate Judge Fox's actions demonstrate that he had such an intention.

8

In a letter from Magistrate Judge Fox to Judge Parker on January 8, 1998, the "Re" line reads "White v. Hamm's Sanitation, Inc." and the body of the letter states that "the parties have consented to transfer the case to New Jersey." There is no mention of ABCO as one of "the parties." More importantly, Judge Parker continued to exercise jurisdiction over the White/ABCO dispute in the Southern District of New York, not only by his Opinion of January 26, 1998, but also by his October 8th, 1998 order that dismissed all claims against ABCO. Finally, White treated the ABCO controversy as being alive in New York, not New Jersey, by filing his initial appeal in the Court of Appeals for the Second Circuit.

In sum, even if White's other claims had been properly transferred, Magistrate Judge Fox effectively severed them from the claims against ABCO, and White's claims against ABCO would still have remained in the Southern District of New York.

III.

In view of the foregoing, the transfer order of Magistrate Judge Fox resulted in an invalid--and therefore ineffectual--inter-district transfer by stipulation. Alternatively, the order effected a valid severance. Under either scenario, jurisdiction over the ABCO/White claims was never validly transferred from the Southern District of New York to the District of New Jersey. Moreover, in a practical sense, the case in New Jersey is over and the case in New York is alive.7 Under these circumstances, the best course of action is to transfer the appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. S 1631. That section allows for transfers from an appellate court without jurisdiction to the appellate court in which the appeal should have been filed.

_____

7. We note, however, that even if the transfer were treated as plenary and legitimate, the District of New Jersey has not entered a final judgment that makes any mention of ABCO. Lacking afinal order to review, we would not have jurisdiction to hear the merits.

9

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit