Michael B. SIMON, Plaintiff,

v.

William F. WARD, Allen Castor, Barbara Descher, Richard Kipp, Gary Lucht, Benjamin Martinez, Nicholas Muller, Sean Ryan, Michael Webster, Conway Bushey, James W. Riggs, and Martin F. Horn, Defendants.

No. CIV.A. 99–1554.

United States District Court, E.D. Pennsylvania.

Jan. 3, 2000.

Clayton A. Sweeney, Jr., Philadelphia, PA, for Plaintiff.

John O. J. Shellenberger, III, Office of Attorney General, Philadelphia, PA, for Defendants.

## MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

Defendants William F. Ward, Allen Castor, Barbara Descher, Richard Kipp, Gary Lucht, Benjamin Martinez, Nicholas Muller, Sean Ryan, Michael Webster, Conway Bushey, James W. Riggs, and Martin F. Horn (collectively, "defendants") have filed a motion to dismiss this § 1983 action for improper venue pursuant to Fed. R.Civ.P. 12(b)(3). Upon consideration of defendants' motion (Document No. 8), plaintiff's response (Document No. 9), defendants' reply, and the pleadings and evidence submitted therewith, defendants' motion will be denied.

## I. BACKGROUND

Plaintiff Michael B. Simon was a prisoner in the custody of the Pennsylvania Department of Corrections. He alleges in his Complaint (filed Mar. 29, 1999) that defendants, who are members and secretaries of the Pennsylvania Board of Probation and Parole ("Parole Board"), and the Commissioner of the Pennsylvania Department of Corrections, failed to credit him for time served, miscalculated his sentence, and refused to grant him a parole hearing, thereby causing him to be incarcerated for a longer period than was appropriate under his sentence. Defendants are sued in their individual capacities only.

Plaintiff filed this action here, in the Eastern District of Pennsylvania. Defendants claim that venue is improper under the general venue statute, 28 U.S.C. § 1391, and that the action should be dismissed or transferred to the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1404 or 1406. Plaintiff argues that at least one of the defendants resides in the Eastern District of Pennsylvania, and that venue is therefore proper in this district.

## II. ANALYSIS

On a motion such as this one, in which the evidentiary record is particularly sparse, the most significant decision a court can make is to identify the party that bears the burden of proof. Strangely, neither plaintiff nor defendant addresses this question directly. Thus, as a threshold matter, I endeavor to determine which party bears the burden of proof on a motion to dismiss for improper venue under Rule 12(b)(3).

This proves no simple task, as there is some confusion on this question among district courts in this circuit. A number of district court cases, relying on *Lieb v. American Pacific Int'l, Inc.,* 489 F.Supp. 690, 696 (E.D.Pa.1980), hold that plaintiff bears the burden of proving that venue is proper. *See Rotondo Weirich Enter., Inc. v. Global Employment Solutions, Inc.,* 1999 WL 1077078 at 5 (E.D.Pa.Nov. 29, 1999) ("[T]he Court's decision today does not relieve Plaintiff of the burden of proving those facts necessary to support personal jurisdiction and venue by a preponderance of the evidence ..."); *Britamco Underwriters, Inc. v. Raymond E. Wallace Special Productions, Inc.,* 56 F.Supp.2d 542, 545 (E.D.Pa.1999) ("when venue is attacked, it is the plaintiff who bears the burden of showing proper venue"); *Nowicki v. United Timber Co.,* 1999 WL 619648 at 1 (E.D.Pa. Aug. 12, 1999)

("The plaintiffs have met their burden of demonstrating that venue is proper in the Eastern District of Pennsylvania."); *Freedman v. Anderson Group, Inc.,* 1996 WL 548141 at 2 (E.D.Pa.Sept. 23, 1996) ("Once a defendant properly raises a jurisdictional defense ... the plaintiff bears the burden of demonstrating that venue was properly laid in this district."); *Gaskin v. Commonwealth of Pennsylvania,* 1995 WL 154801 at 1 (E.D.Pa. Mar. 28, 1995) ("Plaintiffs have the burden of proving that their choice of venue is proper.").

Another flock of cases, relying on *Myers v. American Dental Ass'n,* 695 F.2d 716 (3d Cir.1982), *cert. denied,* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983), declare that defendant bears the burden of showing that venue is improper. *See Superior Precast, Inc. v. Safeco Ins. Co. of America,* 71 F.Supp.2d 438, 442 (E.D.Pa. 1999) ("Contrary to Safeco's suggestion, as the defendant, it bears the burden of proving its affirmative defense and showing that venue is improper on a motion to dismiss."); *Nazareth Nat'l Bank & Trust Co. v. E.A. International Trust,* 1999 WL 549036 at 3 (E.D.Pa. July 26, 1999) ("In any event, the burden is on the defendants to demonstrate that venue is improper and they clearly have not done so."); *Mizrahi v. Great-West Life Assurance Co.,* 1999 WL 398714 at 2 (E.D. Pa. June 17, 1999) ("The burden is on the movant to demonstrate that venue is improper."); *Bowdoin v. Oriel,* 1999 WL 391486 at 4 (E.D.Pa. May 5, 1999) ("[W]e find that defendant has not met his burden of proving that venue is improper in the Eastern District of Pennsylvania.").[1]

▮ The Court of Appeals for the Third Circuit appears to have spoken only once on this matter in the last 20 years, in *Myers v. American Dental Association.* In that case, the court characterized a

---

1. The line of cases holding that defendant bears the burden of showing that venue is improper is distinct from those cases placing the burden on defendant of proving that a transfer of venue is appropriate under 28 U.S.C. § 1404. *See, e.g., Sungard Recovery Services, Inc. v. I.B.M.,* 1999 WL 1134533 (E.D.Pa. Dec. 9, 1999) (citing *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995)).

motion to dismiss for improper venue under Rule 12(b)(3) as an "affirmative dilatory defense," not an attack on jurisdiction,[2] and held that the movant (the defendant) bears the burden of demonstrating that venue is improper. *See Myers*, 695 F.2d at 716. The majority ascribed prior decisions that placed the burden of showing venue on plaintiff to a misguided meshing of venue and jurisdiction analyses.[3] However, the dissent argued that venue, like jurisdiction is a "dilatory," not "exculpatory," defense that "touch[es] only the court's legal authority to entertain the complaint." *Myers*, 695 F.2d at 732–33 (Garth, J., concurring and dissenting). Because such dilatory defenses do not go to the merits of the case, the dissent continued, plaintiff has the burden of proving the court should hear the case.[4]

The controversy over which party bears the burden of establishing venue rages outside the Third Circuit, as well. Two distinguished resources on federal practice differ over the question. In *Moore's Federal Practice*, at § 110.01[5][c] (3d ed.1999), Professor Moore states that the "correct" view is that defendants have the burden of showing that venue is improper. Professors Wright and Miller suggest that the "better view, and the clear weight of authority" is that in venue, as in jurisdiction, plaintiff should bear the burden. *See*

15 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3826 (2d ed.1986).

Policy arguments weigh in on both sides of the debate. Placing the burden of establishing venue on plaintiff is consistent with the jurisdictional notion that plaintiff must make a threshold showing that the case belongs in the particular court in which the suit is brought. *See Myers*, 695 F.2d at 732–33.[5] On the other hand, placing the burden on defendant seems proper, as venue rules are rules of convenience for defendants, and defendant therefore has a responsibility of asserting its privilege. *See Moore's Federal Practice*, at § 110.01[5][c].

■ Ultimately, I believe that the argument in favor of defendant bearing the burden carries the day. Venue is not the identical (or even fraternal) twin of jurisdiction; rather it is an affirmative defense and a privilege held by defendants, which exists for the benefit of defendants. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d, 1574, 1576 (Fed.Cir. 1990). Venue must be raised by defendant and may be waived by defendant. Therefore, I see no reason why defendant should not be required make an evidentiary showing that venue is improper to reap the benefits of dismissal or transfer.[6]

2. It is clear that the plaintiff bears the burden of establishing that *jurisdiction* is proper in the court in which the case is brought. *See North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir.), *cert. denied*, 498 U.S. 847, 111 S.Ct. 133, 112 L.Ed.2d 101 (1990).

3. "Cases that hold the burden of establishing venue is upon the plaintiff reach this result without distinguishing between jurisdiction and venue." *Myers*, 695 F.2d at 724.

4. The dissent in *Myers* argued that defendant bears the burden on affirmative defenses such as those listed in Fed.R.Civ.P. 8(c), including estoppel, fraud, laches, waiver and statute of limitations, and that because venue does not appear in that list of affirmative defenses, plaintiff should bear the burden. *See Myers*, 695 F.2d at 733. The majority countered that defendant bears the burden in other non-

affirmative, dilatory defenses not listed in Rule 8, such as *forum non conveniens* and failure to state a claim. *See id.* at 725 n. 10.

5. Furthermore, placing the burden on defendant to prove venue is improper requires defendant to prove a negative, something courts are generally loathe to do. *See, e.g., Elkins v. United States*, 364 U.S. 206, 219, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960) ("As a practical matter it is never easy to prove a negative.").

6. While I do not intend to detract from the purely legal nature of the ruling I make today, I observe that the reasons for placing the burden on defendants are particularly compelling under the facts of this case. Defendants are members of the Pennsylvania Board of Probation and Parole and, presumably, for personal safety reasons, their personal addresses are not available to convicted felons

Regardless, this Court is bound by the rule set forth by the Court of Appeals in *Myers:* defendant bears the burden of establishing that venue is improper.[7] Therefore, *Lieb,* 489 F.Supp. 690, and its progeny, which place the burden on plaintiff, are no longer valid in this circuit. With the burden resting squarely on the shoulders of defendants in this case, I turn to the parties' arguments and evidence.

## A. Improper Venue Under Rule 12(b)(3)

■ Venue in this non-diversity action is governed by 28 U.S.C. § 1391(b), under which venue is proper "in a judicial district where any defendant resides, if all defendants reside in the same State."[8] All defendants appear to reside in the Commonwealth of Pennsylvania, and therefore, to show that venue is improper, defendants must demonstrate that none of them resides in the Eastern District of Pennsylvania under § 1391(b)(1).[9]

Defendants contend that venue is improper under 28 U.S.C. § 1391(b)(1), because none of the defendants "officially" reside in the Eastern District of Pennsylvania. Their argument is based on a line of cases that regards the residence of federal or state officials sued in their official capacities, for the purpose of determining venue, as the state capitol or the place where they perform their duties. *See Tirado v. Stepanik,* No. 95–1103, 1997 WL 337141 at 1 (E.D.Pa. May 27, 1997) (residence of state official for venue purposes "shall be determined by an inquiry into where they performed their official duties"); *Taylor v. White,* 132 F.R.D. 636 (E.D.Pa.1990) (state officials can be sued where they maintain their offices, either in the state capitol or in district where regional offices are located in which substantial activities related to the claims took place); *Hospital Ambulance Service, Inc. v. Larson,* 1986 WL 506 at 2 (E.D.Pa. Dec. 16, 1986) (when determining venue, residence of state officials is the state capitol); *Betz v. Knepper,* 1986 WL 5715 at 2 (E.D.Pa. May 14, 1986); *Continental Vintners v. Pennsylvania Liquor Control Bd.,* 1986 WL 4822 at 1 (E.D.Pa. Apr. 17, 1986) (same); *Leonhart v. McCormick,* 395 F.Supp. 1073, 1078 (W.D.Pa.1975) (same); *Procario v. Ambach,* 466 F.Supp. 452, 454 (S.D.N.Y.1979) (residence for the purpose of establishing venue in case against state official is the "official residence," not the personal residence, of that official).

■ Were this a case in which plaintiff asserted claims against state officials in

---

who have appeared before the board, or to the general public. It may be impossible for plaintiff to obtain the personal addresses of the individual Parole Board member defendants and thereby establish venue. Defendants should therefore bear the burden of showing that venue is improper in this district by simply showing that none of the defendants reside within the Eastern District of Pennsylvania.

7. In light of the amount of time that has elapsed since the Court of Appeals for the Third Circuit considered the burden of proof in venue questions, and the confusion that appears to reign among the district courts of this circuit, it may be appropriate for the Court of Appeals to revisit this issue.

8. The relevant section reads:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State ...

28 U.S.C. § 1391(b).

9. Contrary to defendants' claim, as discussed above, the burden is not on plaintiffs to prove that any of the defendants reside in the Eastern District of Pennsylvania. Furthermore, in contrast to pleading requirements for jurisdiction, plaintiff is not required to include in his complaint allegations showing that venue is proper the district in which the suit has been brought. *See* Fed.R.Civ.P., Adv. Comm. Notes to Form 2, at ¶ 3 ("Since improper venue is a matter of defense, it is not necessary for plaintiff to include allegations showing the venue to be proper."); 15 Wright & Miller, *supra,* at § 3826. Thus, the fact that plaintiff did not include in his complaint allegations of all possible bases for venue does not make venue improper in this district.

their *official* capacities for declaratory or injunctive relief, the answer would be clear: *Procario* and its progeny would apply and the defendants would reside, for the purpose of venue analysis, in the state capitol or where they performed their duties, both of which appear to fall in the Middle District. However, in the present case, plaintiff is suing defendants in their *individual* capacities for money damages. Therefore, the defendants reside only in their individual residences for the purpose of ascertaining venue.

Defendants take issue with this analysis, citing language from a footnote in a 14–year–old, unpublished decision which reads, "In the context of venue, the individual defendants should be viewed as state officials. While the amended complaint states that the [officials] are sued in their individual capacities, it identifies their official capacities and does not allege their office addresses or residences." *Continental Vintners,* 1986 WL 4822 at 2 n. 3.[10] Essentially, the *Continental Vintners* court chose to ignore the true nature of the allegations in the complaint, and instead recast plaintiff's suit against state officials in their individual capacities as suits against the officials in their official capacities for the purpose of analyzing venue. I am not persuaded by the *Continental Vintners* footnote and believe its approach is incorrect.

I see no reason to treat his claims as anything other than what they are: claims against individuals for money damages. The only relevant residence in a claim for money damages against a individual defendant is that defendant's private residence, and therefore the personal residences of the individual defendants in this case are the only residences relevant to this Court's venue analysis. Defendants' status as

public officials has no effect the venue analysis in a suit against them in their individual capacities for money damages.

This reasoning is supported by the Supreme Court of the United States, which has recognized a meaningful distinction in the § 1391 venue analysis between suits for injunctive relief against public officials in their official capacities, and suits for money damages against public officials in their individual capacities. *See Stafford v. Briggs,* 444 U.S. 527, 544, 100 S.Ct. 774, 783–84, 63 L.Ed.2d 1 (1980) ("Suits for money damages for which an individual officeholder may be found personally liable are quite different [from mandamus-type suits against officeholders in their official capacities]."). The Court in *Stafford* warned against an approach to venue that treated differently suits for money damages against public officials and private individuals, observing that permitting nationwide venue for suits against federal officials for money damages "would place federal officers, solely by reason of their Government service, in a very different posture in personal damages suits from that of all other persons, since under 28 U.S.C. § 1391(b), suits against private persons for money damages must be brought 'in the judicial district where all defendants reside, or in which the claim arose.'" *Id.* at 544, 100 S.Ct. at 785. Stated differently, suits against officials in their individual capacities for money damages should be treated identically to suits against private persons under § 1391(b).

Thus, an approach to venue in cases against public officials that blurs the lines between individual and official capacities or treats public officials differently than private individuals is ill-advised under *Stafford.* Thus, defendants' suggested approach of recasting plaintiff's action as one

---

**10.** Defendants also cite language from *Procario,* in which the Court observed, "While plaintiff has sued the members of the Board individually in their official capacities, the allegedly discriminatory inaction complained of are decisions made by this collective body … and not the result of any action by an individ-

ual." 466 F.Supp. at 454 (citation omitted). As is clear from the quotation, *Procario* presented a different question, because defendants had been sued in their official capacities, whereas here, defendants have been sued in the individual capacities.

against the defendants' in their official capacities for the purpose of determining venue, and creating a fictional "official address" for state officials' residences in a manner different from private individuals, is the very kind of approach to venue the Supreme Court frowned upon in *Stafford,* and I reject it.

There is a better way. In *Valdes v. Gordon,* 949 F.Supp. 21 (D.D.C.1996), the court created no fictional "official residence" for defendants, and appeared to consider only defendants' (United States Customs agents) individual residences in determining whether venue was proper under § 1391(b). *See id.* at 25–26 ("All defendants reside in Florida. Therefore, venue cannot lie in this district under subsection (1) of § 1391(b).")[11]; *see also Moore v. Agency for Int'l Development,* 994 F.2d 874 (D.C.Cir.1993) (holding that because official defendants sued in their individual capacities did not reside in the District of Columbia, § 1391(b)(1) did not apply and venue was improper on that basis); *cf. Weber v. Rivers,* 376 F.2d 604 (4th Cir.1967) (prisoner suing members of the District of Columbia parole board could not sue in Virginia because the individual board members resided in the District of Columbia). I believe *Valdes* reflects the proper analysis and adopt it for the purpose of determining venue under § 1391(b)(1).

Treating plaintiff's action as a complaint against defendants in their individual capacities, I consider whether defendants have established that venue is improper under § 1391(b)(1), basing the venue analysis on the private residences of the defendants.

■ My analysis of venue in this case is greatly simplified by the fact that defendants have failed to produce any evidence on this issue. Defendants have relied

wholly on their argument that defendants' residences are their offices, and have made no showing concerning their individual residences. Defendants have not introduced any evidence that none of them reside in the Eastern District of Pennsylvania. Defendants have not met their burden of proving that venue is improper. Therefore, I conclude that venue is proper under § 1391(b)(1) in the Eastern District of Pennsylvania, and defendants' motion to dismiss will be denied.

### B. Transfer Under 28 U.S.C. § 1404

■ Even when venue is proper, a court may, "[f]or the convenience of the parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The burden of establishing the need for transfer still rests with the movant. And, in ruling on defendant's motion the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir.1995) (quotations and citations omitted).

In considering motions to transfer, the Court of Appeals for the Third Circuit applies an analysis that focuses on public and private interests protected by § 1404(a):

The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent

---

11. The complaint in *Valdes* apparently was unclear as to whether the suit was brought against defendants in their individual or official capacities, but the court nevertheless construed the complaint as an action against public officials in their individual capacities. In the present case, it is clear from the complaint that plaintiff is suing defendants in their individual capacities.

that the files could not be produced in the alternative forum).

The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879–880. Each factor should be examined individually to show they have been properly considered. *See White v. ABCO Engineering Corp.*, 199 F.3d 140, 144 (3d Cir. 1999).

■ Again, defendants have made analysis all but unnecessary. Properly considering the factors in the factual context of this case is nearly impossible, because the Court has been provided no facts or evidence on which to base its analysis. On the record before me, I find plenty of argument, but not a trace of evidentiary support for defendants' motion to transfer; no affidavits, no depositions, no stipulations, no other documents. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756

(3d Cir.1973). Defendants have utterly failed to carry their burden of proving that venue should be transferred to the Middle District of Pennsylvania.

Defendants have not provided a list of witnesses they would call for trial but could not call to this district, have not provided statements of any hardships the moving parties would suffer as a result of being haled into court in the Eastern District of Pennsylvania, or declarations concerning the location and accessibility of other evidence in the Middle District of Pennsylvania. *See id.* at 756–57; *see also Electro Medical Equip. LTD. v. Hamilton Medical AG*, 1999 WL 1073636 at 10 (E.D.Pa. Nov. 15, 1999); *Ayling v. Travelers Property Casualty Corp.*, 1999 WL 994403 at 3 (E.D.Pa. Oct. 28, 1999). Despite clear instructions from the Court of Appeals for the Third Circuit on the evidentiary showing necessary to prevail on a motion to transfer, *see Plum Tree*, 488 F.2d at 756–57, defendants have come before this Court clothed in merely their legal briefs. I conclude that defendants have not met their burden of showing that transfer is appropriate, and therefore the motion to transfer pursuant to § 1404(a) will be denied.[12]

---

**12.** The first private interest factor clearly weighs in plaintiff's favor; plaintiff has chosen the Eastern District of Pennsylvania as his forum, and this choice is a paramount consideration that should not lightly be disturbed. *See First Union National Bank v. United States*, 55 F.Supp.2d 331, 332 (E.D.Pa.1999) (quoting *Sovereign Bank, F.S.B. v. Rochester Community Savings Bank*, 907 F.Supp. 123, 126 (E.D.Pa.1995)). Defendants have argued under the second private interest factor that the claim arose out of actions taken by defendants in the Middle District. While that may be true, as noted, defendants have presented no evidence on that issue. Defendants neither argue nor present evidence that they or their witnesses will be inconvenienced or that witnesses, books or records will not be available, and thus they have failed to establish the third and fourth private interest factors.

Turning to the public interest factors, there is, first of all, no indication that a judgment of this Court would not be enforceable in this matter. The practical considerations of

bringing parties, witnesses, and documents, most of which are located in the Middle District, to the Eastern District may favor transfer, as such matters could make trial in this district less expeditious and more expensive; but again, defendants have produced no evidence on which the Court could base such a conclusion. I am not familiar with the relative level of docket congestion in this district and the Middle District, and though defendants have argued that this district is more congested than the Middle District, they present no evidence in support of their contention. The local interest of the Middle District, though important, does not weigh heavily here, as the case relates to the activities of individuals who preside over parole matters throughout the state. There are no meaningful differences between the public policies of the Eastern and Middle Districts, and no significant differences between this Court's knowledge of Pennsylvania law and that of a judge in the Middle District.

## III. CONCLUSION

Defendants have brought no evidence before this Court to support a motion to dismiss for improper venue or a motion to transfer, and therefore defendants will not prevail. Burdens of proof are meaningful elements of legal analysis, and occasionally, where the evidentiary record is wanting, the burden of proof will determine the outcome of a motion. Such is the case here. Because defendants have not met their burden of proof, their motion will be denied.