Patricia GUNTER, Hubert Maehr, Anna Bartosh, and all persons similarly situated, Plaintiffs,

v.

RIDGEWOOD ENERGY CORPORATION, Robert E. Swanson, Gary L. Hall, and Hall–Houston Oil Company, Defendants.

Civ. No. 95–438 WHW.

United States District Court, D. New Jersey.

Dec. 28, 1998.

G. Martin Meyers, Meyers & Milewski, P.C., Denville, NJ, Joseph Sternberg, Goodkind Labaton Rudoff & Sucharow LLP, New York City, for Plaintiffs Patricia Gunter, Hubert Maehr and Anna Bartosh.

William T. Reilly, McCarter & English, LLP, Newark, NJ, Retta A. Miller, Jackson Walker L.L.P., Dallas, TX, for Defendants Hall–Houston Oil Co. and Gary L. Hall.

Daniel Deleuw Caldwell, Edwards Caldwell & Poff, Hawthorne, NJ, for Defendants Ridgewood Energy Corp. and Swanson.

## OPINION

WALLS, District Judge.

This matter comes before the Court on an appeal by plaintiffs from Magistrate Judge Pisano's April 13, 1998 order excluding from evidence the written evaluation statement of defendant Hall–Houston Oil Co. ("Hall–Houston") prepared in a separate action. Pursuant to Fed.R.Civ.P. 78, the Court decides this appeal without oral argument. The magistrate judge's order is affirmed.

## FACTS

Plaintiffs Gunter, Maehr, and Bartosh have sued defendants Ridgewood Energy Corporation ("Ridgewood Energy"), its President and Chairman, Robert E. Swanson ("Swanson"), Hall–Houston Oil Company ("Hall–Houston"), and its chief executive officer and director, Gary L. Hall ("Hall") in connection with a series of oil and gas limited partnerships (the "Ridgewood Partnerships"). Plaintiffs were investors in these limited partnerships and they sue on behalf of themselves as well as a class of other investors. Their complaint states several causes of action including violations: 1) 18 U.S.C. §§ 1961–1968 (the Racketeer Influenced and Corrupt Organizations Act ["RICO"]); 2) 15 U.S.C. § 78j(b) and 78t (the Securities and Exchange Act of 1934, Sections 10(b) and 20(a)) and 17 C.F.R. § 240.10b–5 (Rule 10b–5 promulgated under the Act); 3) state law concerning fraud and deceit; 4) state law concerning breach of fiduciary duties; and 5) state law concerning negligent misrepresentation.

At issue in this appeal is a written evaluation statement prepared by defendant Hall–Houston during settlement negotiations in *Wentner v. Ridgewood Energy Corp.*, et al., No. C 90–2720 (N.D.Cal. Filed Aug. 17, 1990). In that action, plaintiff Wentner asserted securities fraud among several causes of action. With regard to the securities fraud claim, the written evaluation statement concludes that "Plaintiff has sued because he fears that the Program may not pay out as much money in the future as the 'projections' stated. Plaintiff's damage claims, in other words, are speculative, and, at best, indicative only of an inherently risky investment that may not turn out as well as the investor hoped." (Meyers Aff., Ex. B at 4.) The statement was signed by defendant Hall–Houston on May 3, 1991. Plaintiffs claim that this document proves that as of that date, their RICO claims were too speculative to trigger the statute of limitations and that they filed their complaint in a timely fashion after learning of their damages allegedly caused by defendants' wrongful acts. (Pls.' Mem. of Law in Supp. of App. at 1.)

Because the record of the magistrate judge's proceedings is missing, the Court will rely on the representations of the parties as to its contents. The parties agree that Magistrate Judge Pisano recognized that the written evaluation statement was prepared pursuant to General Order No. 26 of the Northern District of California ("Order No. 26"). Order No. 26 establishes an early settlement program which requires each party to prepare a written evaluation statement. Under Order No. 26, that statement has all of the protections afforded by Fed.R.Evid. 408. Because Order No. 26 makes the statement confidential and because it was prepared in the context of a settlement program, the magistrate judge excluded the statement

from use in this case for any purpose pursuant to Fed.R.Evid. 408 and Order No. 26.

Plaintiffs claim that Magistrate Judge Pisano appeared to agree with them that the written evaluation statement should fall within the exception of Fed.R.Evid. 408 because it would be used solely for the purpose of negativing a contention of undue delay. (Letter from Meyers to Judge Walls of 11/19/98, at 2.) They contend that the magistrate judge concluded that the statement should be excluded nonetheless, because if plaintiffs were allowed to use it, defendants would be required to explain its intended meaning, and such need to explain the statement would violate Fed.R.Evid. 408 and Order No. 26.(Id.) Defendants disagree. They maintain that Magistrate Judge Pisano did not appear to adopt plaintiffs' position, and that his ruling that the statement would be excluded from any use by any party in this suit indicates that he unambiguously agreed with defendants. (Letter from Caldwell to Judge Walls of 11/20/98, at 2; Letter from Reilly to Judge Walls as of 11/24/98, at 1.)

## DISCUSSION

### A. Whether Magistrate Judge Pisano's Order Was Clearly Erroneous or Contrary to Law

### 1. Standard of Review

■ The Federal Magistrates Act provides two separate standards of judicial review: "de novo" for magistrate resolution of dispositive matters, see 28 U.S.C. § 636(b)(1)(B)-(C), and "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters, see 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); Rule 40(a) of the Local Rules of the United States District Court for the District of New Jersey; *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3d Cir.1986). Because evidentiary rulings are nondispositive, this Court can only set aside Magistrate Judge Pisano's order if it is clearly erroneous or contrary to law. A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Agricultural Services Ass'n, Inc. v. Ferry–Morse Seed Co.*, 551 F.2d 1057, 1071 (6th Cir.1977) (*quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

### 2. Analysis

Plaintiffs contend that the magistrate judge misinterpreted or misapplied the applicable law in this case. They maintain that the magistrate judge implicitly concluded that Order No. 26 affords greater protection than Fed.R.Evid. 408. (Pls.' Mem. of Law in Supp. of Appeal at 2.) Their argument is that the protection provided by Order No. 26 is the same as that provided by Fed.R.Evid. 408 and that their intended use of the written evaluation statement falls within the exception of Rule 408.(Id.) Plaintiffs wish to introduce the written evaluation statement as evidence that their damages remained too speculative as of May, 1991 to trigger the statute of limitations period for their RICO claim. (Id. at 6.) They argue that if Wentner's securities fraud claims were too speculative as of that date so too were their RICO claims because both the securities fraud and RICO claims were based on the same predicate acts. (Id.) They argue that their proposed use of the statement falls within the exception of Fed.R.Evid. 408 for evidence "negativing a contention of undue delay." (Id. at 2.)

Defendants maintain that the written evaluation statement does not fall within the exception of Fed.R.Evid. 408 because that exception does not apply to the substance of settlement negotiations. Rather, the exception of Rule 408 applies when the fact of the negotiations, not their content, is offered to explain delay. (Hall Br. in Opp. to Appeal at 3). Because plaintiffs wish to offer as evidence the contents of the written evaluation statement, not the fact that the *Wentner* parties entered into settlement negotiations, their proposed use of the statement does not fall within the exception to Fed.R.Evid. 408.

Moreover, defendants argue that the written evaluation statement was prepared pursuant to Order No. 26 which provides that

such statements shall be treated as confidential. (Id. at 4.) Defendants argue that Order No. 26 prohibits the use of written evaluation statement for any purpose other than the early neutral evaluation program and that it prohibits disclosure of the statement to anyone not involved in the litigation. (Id.) They contend that counsel for Wentner violated Order No. 26 by providing a copy of the written evaluation statement to the plaintiffs in this case, who were not involved in the *Wentner* suit. (Id.)

### a. Federal Rule of Evidence 408

■ Fed.R.Evid. 408 makes "evidence of conduct or statement made in compromise negotiations" inadmissible. However, Rule 408 "does not require exclusion when the evidence is offered for another purpose, such as ... negativing a contention of undue delay." Fed.R.Evid. 408. Wright and Graham caution that "it is the fact of compromise negotiations, not the details of the various offers, that is relevant to explain delay. Therefore there would rarely be any need to reveal the terms of the offers being discussed ... or any other detail that might permit the jury to infer which of the parties believed himself to have the weaker case." 23 Wright & Graham, Federal Practice and Procedure: Evidence § 5312 (1980 ed.) at 272. They opine:

> The privilege rationale might imply an absolute ban on the use of such statements; moreover, unlike the fact of negotiations, the making of a statement would rarely serve to account for delay. However, if the nature of the statement is such that it might constitute a waiver of the time limitation or an estoppel to assert it, most courts would have little difficulty concluding that the ban of Rule 408 is also removed. Id. at 272–273.

As an example of such a situation, Wright and Graham declare, "[i]t would be an abuse of the rule for a party to make statements in compromise negotiations that led his opponent to believe that he would not insist on his meeting applicable time limitations, then object under Rule 408 when the opponent attempts to prove the waiver." Id. at 273, n. 25.

Plaintiffs argue that this is a case in which the defendant's written evaluation statement disproves any delay in filing the complaint and estops defendants from asserting that plaintiffs had knowledge of their damages before January 27, 1991. (Pls.' Reply Mem. of Law in Supp. of Appeal at 3.) Although there may be cases in which a statement made during negotiations will account for a party's delay, this is not such a case. Plaintiffs have not referred the Court to any case where a statement made during settlement negotiations in another action was introduced to disprove delay by a party who was not involved in that other action. Moreover, plaintiffs' argument fails to recognize that the use of the fact of negotiations as well as the use of statements made during those negotiations to explain delay implies reliance by the delayed party on the fact of the negotiations or on the statement. Here, plaintiffs were not involved in the *Wentner* case in which the written evaluation statement was made. According to Order No. 26, plaintiffs should never have been privy to that statement. Plaintiffs do not and cannot claim that they relied on the written evaluation statement.

As for the issue of estoppel, the written evaluation statement does not estop defendants from arguing that plaintiffs knew all the elements of a RICO claim existed before January 27, 1991. In the written evaluation statement, defendant Hall–Houston asserted that Wentner's damage claims were too speculative, not that the damage claims of any investor would be too speculative at that point. Through the written evaluation statement Hall–Houston did not waive its statute of limitations defense to plaintiffs' claims. Hence, the written evaluation statement prepared by Hall–Houston in the *Wentner* case is inadmissible in this action pursuant to Fed.R.Evid. 408. The statement does not fall within the exception of that Rule for evidence negativing a contention of undue delay.

### b. Order No. 26

■ Order No. 26 provides:

> The Court and all counsel and parties shall treat as confidential all written and oral

communications made in connection with or during any neutral evaluation session. The Court hereby extends to all such communications all the protections afforded by such Federal Rules of Evidence 408 and by Federal Rule of Civil Procedure 68. In addition, no communication made in connection with or during any neutral evaluation statement may be disclosed to anyone not involved in this litigation. Nor may any such communication be used for any purpose (including impeachment) in any pending or future proceeding in this Court. Order No. 26 at ¶ 8.

Order No. 26 provides all the protections of Fed.R.Evid. 408 to statements made during the neutral evaluation session. However, the order also explicitly affords protections not provided by Rule 408. It proscribes the disclosure of the evaluation statement to anyone not involved in the litigation as well as the use of any communication made during the session in any other proceeding.

Plaintiffs argue that Order No. 26 does not and cannot provide any protections beyond those of Fed.R.Evid. 408. They aver that Order No. 26 contradicts Rule 408, and therefore should not be enforced. The Court disagrees. Order No. 26 does not contradict Rule 408. Fed.R.Evid. 408 states that it "does not require" the exclusion of evidence negativing a contention of undue delay; it does not require its inclusion. Nothing in Fed.R.Evid. 408 precludes a local rule from prohibiting the admission for any purpose of statements made during settlement negotiations. That Order No. 26 offers protections not found in Rule 408 does not mean that it contradicts that Rule. Pursuant to Order No. 26, the written evaluation statement should never have been disclosed to plaintiffs. Furthermore, because the written evaluation statement here is inadmissible under Fed. R.Evid. 408, it is also inadmissible under Order No. 26.

## CONCLUSION

Magistrate Judge Pisano's decision to exclude the written evaluation statement from any use for any purpose by any party in this action was not clearly erroneous or contrary to law. The written evaluation statement is inadmissible under both Fed.R.Evid. 408 and Order No. 26. The magistrate judge's decision is affirmed.

SO ORDERED.

## ORDER

This matter comes before the Court on an appeal by plaintiffs from Magistrate Judge Pisano's April 13, 1998 order excluding from evidence the written evaluation statement of defendant Hall–Houston Oil Co. ("Hall–Houston") prepared in a separate action. Upon consideration of the submissions of the parties and for the reasons stated in the accompanying opinion, it is on December, 1998:

ORDERED that Magistrate Judge Pisano's order excluding the written evaluation statement from evidence is affirmed.