**Bob BOBIAN, et al., Plaintiffs,**

v.

**CSA CZECH AIRLINES, Defendant.**

**No. CIV. 02–1627(DRD).**

United States District Court,
D. New Jersey.

Sept. 12, 2002.

John E. Patton, Union, NJ, Bruce A. Lampert, Daniel Alan Nelson, Schaden, Katzman, Lampert & McClune, Broomfield, CO, for plaintiffs, Bob Bobian, et al.

K. Roger Plawker, Walder, Hayden & Brogan, P.A., Roseland, NJ, Allan I. Men-

delsohn, Mendelsohn & O'Keefe, Washington, D.C., Marvin L. Szymkowicz, Bowytz Savit Szymkowicz, LLP, Bethesda, MD, for defendant, CSA Czech Airlines.

## OPINION

DEBEVOISE, Senior District Judge.

On July 31, 2002, Magistrate Judge Hedges issued an Order which denied a motion to transfer the instant action to the United States District Court for the Southern District of Texas. Plaintiffs now move, pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a) to reverse Magistrate Judge Hedges's Order. For the reasons set forth below, Judge Hedges's Order, dated July 31, 2002, is affirmed.

### Factual Background and Procedural History

Plaintiffs filed the instant action in September 2001 in the United States District Court for the Southern District of Texas against CSA Czech Airlines ("CSA") and Continental Airlines, Inc. ("Continental"). Plaintiffs alleged that on September 16, 1999, they were injured on board CSA Flight 52, which was en route from Prague, Czech Republic to Newark, New Jersey.

As originally, filed, the Complaint pled five counts. By an order entered January 9, 2002, Judge Hoyt dismissed Counts II, III, IV and V of the Amended Complaint. The four dismissed counts pled Texas state common law claims alleging negligence, negligent misrepresentation and breach of warranties against both defendants. By memorandum opinion and order dated March 28, 2002, Judge Hoyt entered summary judgment in favor of co-defendant Continental Airlines, Inc., dismissing it from the suit.

Following these dismissals, the only remaining claim from the Amended Complaint is Count I, which is alleged only against CSA. Count I is a claim for bodily injuries allegedly suffered on Flight 52.

In addition to granting Continental's motion for summary judgment, Judge Hoyt simultaneously granted CSA's motion for a change of venue to the District of New Jersey. Judge Hoyt concluded that the transfer was appropriate because a "substantial part of the events or omissions giving rise to the claim occurred in New Jersey." However, he issued his transfer order before Plaintiffs filed a written response to CSA's motion seeking the transfer. On April 5, 2002, the Clerk of the Court for the United States District Court, Southern District of Texas, transferred the case file for the instant action to the District of New Jersey.

Following the venue transfer, Plaintiffs sought relief from both Judge Hoyt and this Court. In the Southern District of Texas, Plaintiffs moved for reconsideration on the merits of the transfer order; a separate brief on the merits of the venue issue was annexed to their motion for reconsideration. In the District of New Jersey, Plaintiffs moved to "return" the case to the Southern District of Texas pending Judge Hoyt's decision on the motion for reconsideration.

Judge Hoyt agreed to reconsider the change of venue order on the merits on June 13, 2002. On July 23, Judge Hoyt issued an order affirming his previous decision and concluding that the change of venue "was appropriate pursuant to 28 U.S.C. §§ 1406(a) and 1391(f)(1)."

On July 31, 2002, Magistrate Judge Hedges issued a Letter–Opinion that is the subject of this appeal. Judge Hedges declined to retransfer the case to the Southern District of Texas for three reasons: 1) Judge Hoyt's reconsideration of his April 1, 2002, Order, which allowed both parties to brief the venue issue, rendered Plaintiff's motion to return the case to Texas pending Judge Hoyt's reconsideration of the venue issue moot; 2) Any prejudice

that Plaintiffs may have suffered from the violation of Plaintiffs' due process rights had been cured when Judge Hoyt agreed to reconsider the venue issue; and 3) Because the Warsaw Convention is a treaty of the United States, this Court has "arising under" jurisdiction under 28 U.S.C. § 1331.

### Standard for Review

 A district court reviewing a magistrate judge's order on a non-dispositive motion may modify or vacate the order only if the ruling was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a); Loc.R. 72.1(c)(1); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 & n. 5 (3d Cir.1986). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J.1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F.Supp.2d 162, 164 (D.N.J. 1998).

### Analysis

As an initial matter, Plaintiffs' generic notice of appeal, to which a copy of its original motion to transfer is annexed, does not meet the requirements of Fed.

R.Civ.P. 72(a) and L.Civ.R. 72.1(c)(1)(A), which calls for the notice "to specifically designate the order or part thereof appealed from and the basis for objection thereto." Although the local rules do not specify a remedy for failing to specifically designate the basis for an objection from a non-dispositive order of a Magistrate Judge, CSA argues that Plaintiffs objections should be waived because it failed to properly present its objections. CSA's proposed remedy seems too harsh and is rejected; nevertheless, it is difficult to see how Plaintiffs expect to receive a reversal if they fail to state how Magistrate Judge Hedges was either clearly erroneous or contrary to law.

 Generally, when a court denies a party a hearing or an opportunity for hearing on a motion to transfer venue, that party has been denied procedural due process of law guaranteed to it by the Fifth Amendment. *See Swindell–Dressler Corp. v. Dumbauld*, 308 F.2d 267, 273–74 (3d Cir.1962). Here, CSA moved in the Southern District of Texas to transfer venue, and Judge Hoyt granted the motion on March 28, 2002, without first giving Plaintiffs an opportunity to file a brief in opposition to the motion. Although Judge Hoyt may have violated Plaintiffs' procedural due process rights, thus making the transfer a nullity, *see Swindell–Dressler*, 308 F.2d at 275, Judge Hoyt's subsequent Order, dated June 13, 2002, which vacated his earlier Order granting CSA's motion to transfer venue, makes this issue moot.[1]

---

**1.** It is black letter law that, "[w]hen a motion for transfer under 28 U.S.C.A. § 1404(a) has been granted, and the papers lodged with the clerk of the transferee court, the transferor court—and the appellate court that has jurisdiction over it—lose all jurisdiction over the cased and may not proceed further with regard to it." 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3846 (footnote omitted). Nevertheless, the Third Circuit Court of Appeals has stated that

"shifting papers cannot validate an otherwise invalid transfer." *White v. ABCO Engineering Corp.*, 199 F.3d 140, 143 n. 4 (3d Cir.1999). Thus, in the instant case, although the case files of the instant action were transferred to the District of New Jersey, the Southern District of Texas retained jurisdiction over the case because its original Order, dated March 28, 2002, transferring venue was invalid. Therefore, Judge Hoyt had the jurisdictional authority to grant Plaintiffs' motion for recon-

Judge Hoyt's June 13, 2002, Order gave Plaintiffs an opportunity to brief fully the issue of whether transfer of the instant action was appropriate. Consequently, Judge Hoyt's Order, dated July 22, 2002, in which he affirmed his order of March 28, 2002, is effective and his findings of law and fact are the law of the case.

Judge Hoyt based his decision to transfer the case upon 28 U.S.C. §§ 1406(a) and 1391(f)(1). The rules for whether the venue of a particular case are appropriate is set forth in 28 U.S.C. § 1391. Judge Hoyt specifically relied upon § 1391(f)(1) of the venue statute, which necessarily implies that he found that CSA was a "foreign state" as defined by 28 U.S.C. § 1603(a). Section 1391(f)(1) states that an action against a foreign state may be brought, *inter alia,* in "any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Section 1406(a) gives the transferor court the option of either dismissing the action in its entirety or transferring the action to a district "in which it could have been brought."

██ Because Judge Hoyt transferred the instant action based upon the conclusion that "a substantial part of the events or omissions giving rise to the claim occurred in New Jersey," his decision is the law of the case and cannot be disturbed. The Third Circuit Court of Appeals has noted that "under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances." *See Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162, 165 (3d Cir.1982) (holding that once a transferor court decides the issue of venue, a transferee court cannot revisit the issue except in "usual circumstances"). An example of an "unusual circumstance" would be if the decision was " 'clearly erroneous

and would work a manifest injustice.' " *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (*quoting Arizona v. California,* 460 U.S. 605, 618, n. 8, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)).

Plaintiffs have neither alleged any facts nor made any arguments suggesting that Judge Hoyt's decision either was clearly erroneous or would work a manifest injustice. Plaintiffs did, however, argue before Judge Hedges that if the jurisdictional language of the Warsaw Convention were properly applied, the Southern District of Texas would be an appropriate venue for this action. Plaintiffs arguments must, however, be rejected for two reasons: 1) the law of the case doctrine applies and the case cannot be returned to the Southern District of Texas; and 2) the Warsaw Convention does not apply when considering whether venue is appropriate.

██ Article 28(1) of the Warsaw Convention speaks to the subject-matter jurisdiction of the federal courts. *See Gayda v. LOT Polish Airlines,* 702 F.2d 424, 425 (2d Cir.1983). In a Warsaw Convention case, there are two levels of judicial power that must be examined to determine whether suit may be maintained. *See Smith v. Canadian Pacific Airways, Ltd.,* 452 F.2d 798, 801 (2d Cir.1971). The first level is that of jurisdiction in international or treaty sense under article 28(1), and the second level involves power of a particular United States court, under federal statutes and practice to hear a Warsaw Convention case-jurisdiction in the domestic law sense. *See id.* It is only after jurisdiction in both senses is had that the question of venue is reached and a determination made regarding appropriateness and convenience for parties of a particular

---

sideration and to issue his subsequent Order, dated July 22, 2002, affirming his decision to

transfer this case to the District of New Jersey.

domestic court. *See id.* The Warsaw Convention, however, does not determine the existence of personal jurisdiction or venue; instead these are determined under domestic law. *See Romero v. Argentinas,* 834 F.Supp. 673, 678 (D.N.J.1993).

■ The Warsaw Convention, by virtue of its status as a treaty made under the authority of the United States, is the supreme law of the land, equal in stature and force to the domestic laws of the United States. *See* U.S. Const. art. VI. It has been said to be "self-executing," needing no Congressional implementation to make it and its provisions creating a rebuttable presumption of liability (Art. 17) and limitations thereon (Art. 25) constitutionally enforceable. *See Smith,* 452 F.2d at 801–02. Therefore, a federal court has the authority to hear Warsaw Convention cases under 28 U.S.C. § 1331 because interpretation of a treaty falls under a federal court's "arising under" jurisdiction. The parties agree that the Warsaw Convention applies to this case. Thus, subject matter jurisdiction over this action exists if the facts satisfy one of the four jurisdictional fora set forth in Article 28 of the Warsaw convention. Because the United States was the final destination of the Plaintiffs, who are residents of Texas, the United States has jurisdiction under the Warsaw Convention, and this court has "arising under" jurisdiction under 28 U.S.C. § 1331 exists.[2] Once a federal court determines that it has subject matter jurisdiction over an action, it still must have personal jurisdiction over the defendants and be assured that venue is properly laid.

■ Here, implicit in Judge Hoyt's Order to transfer the instant case under 28 U.S.C. § 1406(a), was Judge Hoyt's finding that the District of New Jersey has personal jurisdiction over the parties and that venue is proper. This decision is the law of the case and cannot be disturbed except by the Third Circuit Court of Appeals. Therefore, as Magistrate Judge Hedges noted, "under law of the case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." (*citing Christianson v. Colt Industries Operating Corp.,* 486 U.S. at 817–19, 108 S.Ct. 2166 (1988)).

## CONCLUSION

Plaintiffs' motion to reverse Magistrate Judge Hedges's Order, dated July 31, 2002, is denied and the Order will be affirmed.

An order implementing this decision will be entered.

### LETTER–OPINION AND ORDER ORIGINAL FILED WITH THE CLERK OF THE COURT

Hedges, United States Magistrate Judge.

Dear Counsel:

Plaintiffs have moved to "return" this civil action to the United States District Court for the Southern District of Texas. I have considered the papers submitted in support of and in opposition to the motion. I have also had the benefit of supplemental letter briefs from plaintiffs dated June 25 and defendant CSA Czech Airlines ("de-

---

**2.** At oral argument, counsel for Plaintiffs appears to have confused subject matter jurisdiction and venue. Counsel for the plaintiffs argued that under the Warsaw Convention, this court lacks subject matter jurisdiction, but that the federal district court in the

Southern District of Texas does not. This is a legal impossibility. Once one federal court has determined that it has subject-matter jurisdiction, all federal courts have subject matter jurisdiction because each district court is merely a subdivision of the federal courts.

fendant") dated June 27, 2002. There was no oral argument. Rule 78.

This civil action was commenced in the Southern District of Texas. On March 28, 2002, Judge Kenneth M. Hoyt of that court granted the motion of defendant to transfer venue to this Court.[1] On April 1, 2002, the Clerk of the Southern District of Texas effected an "inter-district transfer" of the case file to the District of New Jersey. The case file was received by our Clerk on or about April 5, 2002. The case file has been with our Clerk since that date.

The pending motion was filed with our Clerk on May 21, 2002. On June 13, 2002, Judge Hoyt granted in part a motion for reconsideration of his March 18th order transferring venue. Judge Hoyt's June 13th order provided that, "[t]he issue of change of venue is and remains undecided although the file has already been transferred to the District of New Jersey. As a result, the Court vacates its change of venue Order and will reconsider the issue on or after July 12, 2002." On July 22, 2002, Judge Hoyt affirmed his order of March 18th, Plaintiffs' motion to retransfer pending a ruling by Judge Hoyt on their motion for reconsideration is therefore DISMISSED AS MOOT. That does not, however, end the analysis.

"When a motion for transfer under 28 U.S.C.A. § 1404(a) has been granted, and the papers lodged with the clerk of the transferee court, the transferor court—and the appellate court that has jurisdiction over it—lose all jurisdiction over the case and may not proceed further with regard to it." 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3846 at p. 357 (2d ed.1986) (footnote omitted). *Accord Hudson United Bank v.*

*Chase Manhattan Bank,* 43 F.3d 843, 845 (3d Cir.1994). However, "shifting papers cannot validate an otherwise invalid transfer." *White v. ABCO Engineering Corp.,* 199 F.3d 140, 143 n. 4 (3d Cir.1999).

An issue in *White* was the validity of an order which transferred venue of a civil action from the United District Court for the Southern District of New York to this Court.[2] This Court then granted the summary judgment in favor of defendant. On appeal from the summary judgment, now-Chief Judge Becker, writing for the Court of Appeals, stated that, "the legitimacy of the review depends on whether White's claims against ABCO were properly transferred to the Third Circuit." 199 F.3d at 142. The plaintiff and the defendant had stipulated that their case would be transferred, which stipulation was "so ordered" by a Southern District magistrate judge.

*White* held that "inter-district transfer by stipulation is inappropriate." 199 F.3d at 143. Although Judge Becker recognized the general jurisdictional rule cited above, he noted that the Southern District magistrate judge had not made the "case specific determination" required by 28 U.S.C. § 1404(a) but presumably "relied on the stipulation alone in its decision to transfer." 199 F.3d at 143–45. Thus, "the transfer order***resulted in an invalid—and therefore ineffectual—inter-district transfer by stipulation." Judge Becker concluded that under the circumstances the pending appeal should be transferred to the Second Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. 199 F.3d at 145–46. *White* did not, however, "decide whether a court must always state the

---

**1.** Continental Airlines, Inc., had been also named as a defendant. Judge Hoyt dismissed plaintiffs' claims against it before he transferred venue, as he did various claims against CSA Czech Airlines arising under Texas law.

**2.** *White* also addressed issues of consent and severance which are not germane here.

reasons for every § 1404(a) transfer." 199 F.3d at 144.

Here, plaintiffs first argued that Judge Hoyt transferred venue without their having been given an opportunity to oppose defendant's motion to transfer. Assuming that allegation to have been correct, plaintiffs may have been denied procedural due process. *See Swindell–Dressler Corp. v. Dumbauld,* 308 F.2d 267, 273–74 (3d Cir. 1962). However, Judge Hoyt was given the opportunity to redress any denial of due process through plaintiffs' motion for reconsideration that was before him. He has now affirmed the transfer of venue. Judge Hoyt gave no reasons for his affirmance. The failure to do so did not make the transfer to this Court "invalid."

Judge Hoyt did not make findings of fact or conclusions of law. However, the motion for reconsideration that was before Judge Hoyt was contested and he obviously decided that transfer was appropriate. As Judge Becker noted in *White,* the Third Circuit Court of Appeals has not required that a judge state his findings on Section 1404(a) transfer motions, but that the judge consider those factors. *White,* 199 F.3d at 144 (discussing "dicta" in *Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 756 (3d Cir.1973)); *see Myers v. American Dental Ass'n,* 695 F.2d 716, 729–30 (3d Cir.1982) (*en banc*), *cert. denied,* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983).[3]

It is, at best, questionable that Judge Hoyt affirmed the transfer of venue on Section 1404(a) grounds. Based on the briefs that I have had the opportunity to review that were before Judge Hoyt on the motion for reconsideration, it is most likely that he accepted defendant's argument

that venue lies in this Court pursuant to 28 U.S.C. § 1391(f). In any event, whether Judge Hoyt's transfer of venue was or was not correct may be addressed by our Court of Appeals on an appeal from a final order. *See, e.g., Gulf Research & Development Co. v. Leahy,* 193 F.2d 302, 304–06 (3d Cir.1951). Appellate review should not require findings, as the facts were before Judge Hoyt in affidavit form. *See Myers,* 695 F.2d at 730. Moreover, were I to conclude that Judge Hoyt's order was invalid I would ignore the principle of the law of the case and subject the parties to a "game of jurisdictional ping-pong." *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 817–19, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). This I decline to do.

\* \* \* \* \* \*

There remains plaintiffs' alternative demand for a hearing on jurisdiction. There is a "difference between in personam jurisdiction and subject matter jurisdiction\*\*\*both types of jurisdiction are required." *Caldwell v. Palmetto State Savings Bank,* 811 F.2d 916, 918 (5th Cir. 1987) (*per curium*). The Complaint *sub judice* states a federal claim arising under a treaty of the United States. Paragraph 22, Plaintiffs' First Amended Complaint, Exhibit E, Plawker Certification. Defendant concedes that this Court has personal jurisdiction over it. Brief in Opposition to Plaintiffs' Motion to Return Case at 4. There is no reason for a hearing on "jurisdiction."[4]

I will conduct an in-person status conference at 9:30 a.m. on August 28, 2002. I will set dates for the completion of fact

---

3. "Under law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Christianson,* 486 U.S. at 819, 108 S.Ct. 2166.

4. Perhaps plaintiffs confuse jurisdiction with venue. *See Myers,* 695 F.2d at 724–25.

discovery and for service of plaintiffs' expert disclosures.

SO ORDERED.