**KOCH MATERIALS COMPANY,
Plaintiff,**

v.

**SHORE SLURRY SEAL, INC., and
Asphalt Paving Systems, Inc.,
Defendants.**

**Shore Slurry Seal, Inc., Counterclaim
Plaintiff,**

v.

**Koch Materials Company, Counterclaim
Defendant.**

**Civil Action No. 01–2059.**

United States District Court,
D. New Jersey.

July 14, 2003.

Stephen B. Nolan, Esq., Stradley, Ronon, Stevens & Young, LLP, Cherry Hill, NJ, for Koch Materials Company.

Carl W. Hittinger, Esq., Neil C. Schur, Esq., Stevens & Lee, P.C., Cherry Hill, NJ, for Shore Slurry Seal, Inc.

David G. Concannon, Esq., Law Office of David Concannon, LLC, Hackensack, NJ, for Asphalt Paving Systems, Inc.

### OPINION

ORLOFSKY, District Judge.

Plaintiff and Counterclaim Defendant, Koch Materials Company ("Koch"), appeals the Order of Magistrate Judge Joel B. Rosen dated December 6, 2002, which granted the

motion to amend the counterclaim of Defendant and Counterclaim Plaintiff, Shore Slurry Seal, Inc. ("Shore Slurry"). For the reasons set forth below, I conclude that Judge Rosen's decision was not clearly erroneous or contrary to law. Accordingly, Judge Rosen's December 6, 2002 Order shall be affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The detailed factual background in the saga that this case has become has already been set forth in the previous Opinions of this Court, *see, e.g., Koch Materials Co. v. Shore Slurry Seal, Inc.,* 205 F.Supp.2d 324 (D.N.J.2002) and 209 F.Supp.2d 418 (D.N.J. 2002), and shall not be repeated here except where necessary to resolve the pending appeal of Judge Rosen's December 6, 2002 Order.

In my June 12, 2002 Opinion, I granted Koch's motion for partial summary judgment and found, *inter alia,* that Shore Slurry repudiated its Exclusive Supply and Sublicense Agreement with Koch by failing to provide Koch with adequate assurances that Shore Slurry would perform on the parties' requirements contracts. *See Koch,* 205 F.Supp.2d at 332–33. Arguing that Koch itself breached their contract before the time of repudiation, Shore Slurry subsequently sought reconsideration of the June 12, 2002 decision. *See Koch,* 209 F.Supp.2d at 420. Shore Slurry's motion for reconsideration was denied, *id.* at 421, because Shore Slurry never argued Koch's alleged breach in opposition to Koch's motion for summary judgment, *id.* at 420.

In an Order dated December 6, 2002, Judge Rosen granted Shore Slurry's motion to amend its counterclaim[1] to include:

a claim for breach of the October, 2000 Settlement Agreement and Mutual Release, fraud, negligent misrepresentation, violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8–19, breach of the implied covenant of good faith and fair dealing, as to both the February 18, 1998 Exclusive Supply Agreement and related agreements, and the October, 2000 Settlement Agreement and Mutual Release, and a violation of Section 43(b) of the Lanham Act, 15 U.S.C. § 1125(b). Additionally, ... a claim for punitive damages, because of the evidence of [egregious] and wanton conduct of the plaintiff, uncovered in discovery taken to date.

*See* Order, *Koch Materials Co. v. Shore Slurry Seal, Inc.,* Civ. A. No. 01–2059 (D.N.J. Dec. 6, 2002). In doing so, Judge Rosen explicitly rejected Koch's arguments that permitting the amendment would cause undue prejudice and delay, and that Shore Slurry was aware of the facts associated with the application for at least two-and-a-half years. *Id.* The December 6, 2002 Order, however, did not reference Judge Rosen's previous Order of May 10, 2002, in which he granted Defendant Asphalt Paving Systems, Inc.'s ("Asphalt Paving") motion to file an amended answer and counterclaim, but also ordered, pursuant to Fed.R.Civ.P. 16, that no further amendments to the pleadings would be permitted. *See* Order, *Koch Materials Co. v. Shore Slurry Seal, Inc.,* Civ. A. No. 01–2059 (D.N.J. May 10, 2002).

As the parties are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs, I have jurisdiction over this action pursuant to 28 U.S.C. § 1332. Additionally, I may consider a party's objections to the orders of the Magistrate Judge pursuant to Fed.R.Civ.P. 72 and 28 U.S.C. § 636(b).

## II. THE LEGAL STANDARD GOVERNING APPEALS OF THE DECISIONS OF MAGISTRATE JUDGES

The Federal Magistrates Act of 1968 provides that a District Court may reverse a Magistrate Judge's pre-trial determination only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (West 2003); Fed.R.Civ.P. 72(a); Local Civ. R. 72.1(c)(1); *see also Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1113 (3d Cir.1986); *Cooper Hosp./ Univ. Med. Ctr. v. Sullivan,* 183 F.R.D. 119, 127 (D.N.J.1998) (Orlofsky, J.).

---

1. This was not the first motion to amend a pleading in this action. On October 19, 2001, Judge Rosen granted Koch's unopposed motion to amend the complaint. *See* Order, *Koch Materials Co. v. Shore Slurry Seal, Inc.,* Civ. A. No. 01–2059 (D.N.J. Oct. 19, 2001).

▪ A finding is clearly erroneous only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lo Bosco v. Kure Eng'g Ltd.*, 891 F.Supp. 1035, 1037 (D.N.J.1995) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *see also Bobian v. CSA Czech Airlines*, 222 F.Supp.2d 598, 601 (D.N.J.2002); *Cooper Hosp.*, 183 F.R.D. at 127. In reviewing a Magistrate Judge's factual determinations, however, a District Court may not consider any evidence which was not presented to the Magistrate Judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92–93 (3d Cir.1992); *Cooper Hosp.*, 183 F.R.D. at 127.

A ruling is contrary to law if the Magistrate Judge has misinterpreted or misapplied applicable law. *See Bobian*, 222 F.Supp.2d at 601.

## III. DISCUSSION

Koch argues that "all of Shore's new claims arise, in some form or another, from the factual allegations that Koch misled Shore about its product E–18R and discriminated against Shore." *See* Mem. in Supp. of Appeal of Mag. J.'s Order, at 5. According to Koch, Shore Slurry had full knowledge of the existence and uses of E–18R as early as June 1999. *Id.* at 5, 12. Citing Fed.R.Civ.P. 72(a), Koch contests Judge Rosen's authority to grant the motion to amend in light of his own May 10, 2002 Order barring further amendments to the pleadings. *See* Mem. in Supp. at 8–11. Koch also argues that Shore Slurry delayed in filing the motion to amend until after the Court's ruling on Koch's motion for partial summary judgment. *Id.* at 16; Reply Mem. at 10. Furthermore, Koch argues that the claims raised in Shore Slurry's amended complaint are futile, *id.* at 21, would impose a tremendous burden on the Court, *id.* at 17, would cause undue prejudice to Koch, *id.* at 27, and were brought in bad faith, *id.* at 29.

Shore Slurry, in contrast, argues that it amended its counterclaims in response to facts that emerged through discovery and Koch's recent conduct. *see* Mem. in Oppos. to Appeal at 1, 14–16. These facts allowed Shore Slurry to adequately plead new claims. *Id.* at 18–20. Shore Slurry argues that Judge Rosen acted within his authority under Fed.R.Civ.P. 15(a), *id.* at 9, that the amendment caused no undue prejudice to Koch, *id.* at 25, and also points out that Koch never raised a futility argument before Judge Rosen, *id.* at 22–23.

In this District, Magistrate Judges regularly hear and determine pretrial matters in accordance with 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72. *See* L. Civ. R. 72.1(a) (Gann 2003). Such duties include granting leave to file amended complaints. *See, e.g., Thomas v. Ford Motor Co.*, 111 F.Supp.2d 529, 532 (D.N.J.2000), *aff'd in part, rev'd in part*, 137 F.Supp.2d 575 (D.N.J.2001) (Orlofsky, J.); *Bair v. City of Atlantic City*, 100 F.Supp.2d 262, 265 (D.N.J.2000); *see also* Allyn Z. Lite, New Jersey Federal Practice Rules 195–96 (2003).

▪ Judge Rosen was clearly acting within the proper scope of his duties on December 6, 2002, when he granted Shore Slurry's motion to amend its counterclaim. The narrow question for appeal is whether Judge Rosen erred in permitting the amendment in light of his May 10, 2002 Order barring further amendments to the pleadings. I conclude that Judge Rosen's decision was not clearly erroneous or contrary to law, and that the amendment was warranted under Fed. R.Civ.P. 15(a).

▪ "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a).[2] Leave to amend a pleading shall be freely given when justice so

---

2. Moreover, upon reasonable notice and upon such terms as are just, the court may "permit the party to serve a supplemental pleading setting forth transactions or occurrences or events

which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d).

requires. *See id.; Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ The United States Supreme Court discussed Fed.R.Civ.P. 15(a) in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222, and explained that:

> in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir.1981). Thus, among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000).

■ In his December 6, 2002 Order, Judge Rosen explicitly found that none of the conditions existed to justify denying a motion to amend under Fed.R.Civ.P. 15(a). *See* Order, *Koch Materials Co. v. Shore Slurry Seal, Inc.*, Civ. A. No. 01–2059, at 3 (D.N.J. Dec. 6, 2002). Although Judge Rosen did not refer to his previous May 10, 2002 Order, barring further amendments to the pleadings, it is reasonable to assume that, as the author of that Order, Judge Rosen was well-aware of its existence when he granted Shore Slurry's motion to amend its counterclaim. Aside from Judge Rosen's authorship of the May 10, 2002 Order, Koch also brought the Order to Judge Rosen's attention during a status conference held on October 21, 2002. *See* Tr. of 10/21/02 Status Conference, at 23:5 to 24:2. Koch's argument that Judge Rosen was absolutely bound by his prior Order is simply unavailing; Judge Rosen concluded that an amendment to Shore Slurry's counterclaim was available under Fed.R.Civ.P. 15(a), and that none of the conditions warranting denial of the motion existed. These decisions were not contrary to law. If anything, this was a particularly equitable decision, as Judge Rosen had already granted motions to amend the pleadings brought by Koch, *see* Order, *Koch Materials Co. v. Shore Slurry Seal, Inc.*, Civ. A. No. 01–2059 (D.N.J. Oct. 19, 2001), and by Asphalt Paving Systems, Inc., *see* Order, *Koch Materials Co. v. Shore Slurry Seal, Inc.*, Civ. A. No. 01–2059 (D.N.J. May 10, 2002).

■ Reviewing the December 6, 2002 Order for clear error, I find that Judge Rosen properly found that none of the grounds for denying Shore Slurry's motion to amend the counterclaim—undue delay, bad faith, dilatory motive, prejudice or futility, *see Shane v. Fauver*, 213 F.3d at 115—existed in this case.

Like Judge Rosen, I find that there was no undue delay. Shore Slurry filed its motion to amend the counterclaim on October 16, 2002 in response to discovery served by Koch on August 30, 2002. *See* Shore Slurry App., Ex. 18 (Koch Responses to Revised First Request for Admissions, Second Set of Interrogatories, and Fifth Set of Document Requests). Information from that round of discovery—including more detailed information regarding the CSS1–h and E–18R products—formed the basis for new claims in Shore Slurry's amended counterclaim. In addition, Shore Slurry's amended claims were also based on information about those products that was elicited during the September 11, 2002 deposition of Rod Birdsall, Koch's corporate designee pursuant to Fed.R.Civ.P. 30(b)(6). *See* Koch App., Ex. 16. Shore Slurry's filing of its motion to amend the counterclaim approximately two months after being served with relevant discovery and one month after Birdsall's deposition does not constitute undue delay, particularly in as complicated and document-heavy a case as this one.

I also reject Koch's allegations of dilatory motive and bad faith on the part of Shore Slurry. As I explained above, the timing of Shore Slurry's motion was largely dictated by the progress of discovery, which has been delayed at various times by both Koch and Shore Slurry. Judge Rosen's May 10, 2002 Order barring further amendments to the pleadings notwithstanding, I do not find that Shore Slurry exercised bad faith by seeking leave to amend the counterclaim. It is not as if Shore Slurry intentionally flouted Judge

Rosen's order when it filed its amended counterclaim. Rather, Shore Slurry sought leave to amend, pursuant to Fed.R.Civ.P. 15, from Judge Rosen, and this was the appropriate action in light of evidence that surfaced during discovery.

■ Finally, I find that Koch has not demonstrated that it is likely to suffer prejudice as a result of Shore Slurry amending its counterclaim. The "trial court's discretion under Rule 15 . . . must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is 'the touchstone for the denial of leave to amend.'" *Heyl & Patterson Int'l,* 663 F.2d at 425. The non-moving party, however, must do more than merely claim prejudice; it must show that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely. *See Miller v. Beneficial Mgmt. Corp.,* 844 F.Supp. 990, 999 (D.N.J.1993) (citing *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir.1989)). On January 13, 2003, Judge Rosen effectively cured any prejudice to Koch by extending the timeline for discovery. *See* Shore Slurry App., Ex. 21 at 60. Koch argues that it will be prejudiced by the amount of paperwork and discovery that it will have to perform in response to Shore Slurry's counterclaims, but Koch has not demonstrated that it will be denied the opportunity to present facts or evidence.

■ Koch also raises a futility argument in support of its appeal. Denial of leave to amend based on futility requires the complaint, as amended, to fail to state a claim upon which relief could be granted. *Shane v. Fauver,* 213 F.3d at 115. In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.* (citing *In re Burlington Coat Factory Securities Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997)). The Court declines to conduct such an analysis at this time, however, because Koch did not argue futility before Judge Rosen when he decided Shore Slurry's motion to amend. As at least one court has noted, a party is not entitled as of right to present arguments to the District Court on appeal which were not seasonably presented to the Magistrate Court. *See*

*Reich v. Hercules, Inc.,* 857 F.Supp. 367, 369 (D.N.J.1994).

Having overseen the extensive course of discovery in this case, Judge Rosen was in the best position to determine whether granting the motion to amend would adversely impact the course of the litigation. He determined that granting the motion would not, and despite his May 10, 2002 Order, he had the discretion to grant the motion to amend under Fed.R.Civ.P. 15(a). After reviewing the voluminous submissions of the parties, I find that Judge Rosen committed no error in granting Shore Slurry's motion to amend the counterclaim.

All three of the main parties to this case, Koch, Shore Slurry, and Asphalt Paving, have now had an opportunity to amend their claims and counterclaims. On July 2, 2003, Judge Rosen issued a Final Scheduling Order, which will hopefully shepherd this case to completion. Although it should go without saying, I would advise the parties to resolve their outstanding discovery disputes in a professional and expeditious manner, abide by Judge Rosen's scheduling order, and prepare this case for trial.

## IV. MOTION TO STRIKE

Koch filed a motion to strike Shore Slurry's reply brief in support of Asphalt Paving's cross-motion for summary judgment and to strike response. *See* Docket No. 102–1. As Asphalt Paving's cross-motion has already been decided, *see* Docket No. 123–1, the motion to strike shall be dismissed as moot.

## V. CONCLUSION

For the reasons set forth above, Judge Rosen's December 6, 2002 Order shall be affirmed. In addition, Koch's motion to strike Shore Slurry's reply brief in support of Asphalt Paving's cross-motion for summary judgment and to strike response (Docket No. 102–1) shall be dismissed as moot. The Court shall enter an appropriate form of Order.